THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOHN SERENCES, Appellant.

First Department, December 23, 1938.

*Arthur S. Johnson,* for the appellant.

*Charles C. Tillinghast, Jr., Deputy Assistant District Attorney,* of counsel [*Arnold L. Bauman, Deputy Assistant District Attorney,* with him on the brief; *Thomas E. Dewey, District Attorney*], for the respondent.

GLENNON, J. The defendant, on March 28, 1938, in the City Magistrates' Court of the City of New York, pleaded guilty to a violation of subdivision 5-a of section 70 of the Vehicle and Traffic Law. Before accepting the plea or entering a judgment of conviction pursuant thereto, the magistrate failed to inform the defendant that, upon conviction, not only would he be liable to a penalty,

but that, in addition thereto, his license to drive might be suspended or revoked.

In 1937 section 335-a of the Code of Criminal Procedure was enacted. It reads as follows:

" § 335-a. Provisions applicable to pleas of guilty for violations of Vehicle and Traffic Law. The magistrate, after the arrest of a person charged with a violation of the Vehicle and Traffic Law, and before accepting a plea of guilty or entering a judgment of conviction pursuant thereto, must inform the defendant that upon conviction, not only will he be liable to a penalty, but that, in addition, his license to drive a motor vehicle or motor cycle, or in the case of an owner, the certificate of registration of his motor vehicle or motor cycle, may be suspended or revoked."

The magistrate presiding in this case, before accepting defendant's plea of guilty " with an explanation," should have informed the defendant of the two things that are required by the statute: *First*, that he would be liable to a penalty, to wit, a fine or imprisonment; and *second*, that his license might be suspended or revoked. While the record shows that a court attendant stated, " You know your license will be revoked on the plea of guilty," he failed to say anything with reference to an additional penalty. Even if he had done so, that would not have satisfied the requirements of section 335-a, since the duty was imposed upon the magistrate to inform the defendant of the consequences which would follow a plea of guilty. (*People* v. *Sutcliffe*, 255 App. Div. 299.)

It is quite apparent from the discussion which followed the plea of defendant, that the magistrate entertained grave doubts as to his guilt. The record shows that the defendant during the course of the discussion stated, " I can go on trial now." The court replied, " No, I can't try the case. I mean I want you to consult counsel, I don't know, I am not going to be counsel for you too." It is unfortunate that the case did not proceed to trial, even though defendant was not represented by counsel.

The testimony of the arresting officer, given after the defendant had entered a plea of guilty to the charge contained in the information, would seem to indicate that the defendant was not in fact guilty of a violation of subdivision 5-a of section 70 of the Vehicle and Traffic Law.

Under the circumstances, the defendant should be permitted to withdraw his plea and stand trial, so that all the facts may be developed.

The judgment should be reversed and a trial ordered; appellant's operator's license is ordered reinstated, and the fine paid is ordered remitted to appellant.

Martin, P. J., O'Malley, Townley and Untermyer, JJ., concur.

Judgment unanimously reversed and a trial ordered, appellant's operator's license ordered reinstated, and the fine paid remitted to the appellant.