THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* SCHALLERT BECKER, Appellant.

County Court, Erie County, March 2, 1945.

*Robert Boasberg* for appellant.

*Leo J. Hagarty, District Attorney* (*Maurice Frey* of counsel), for respondent.

WARD, J. The appellant was convicted of a violation of subdivision 5-a of section 70 of the Vehicle and Traffic Law upon his plea of guilty. He was sentenced, '' fined $50.00 and fifty days — not being able to pay the fine he was committed to the Erie County Penitentiary.'' From this conviction and judgment thereon this appellant appeals.

The affidavit on appeal sets forth among other things that the Justice of the Peace failed to inform the defendant in accordance with section 335-a of the Code of Criminal Procedure.

The return of the Justice sets forth among other things that " information was read to Schallert P. Becker and he was informed the right to get counsel or post bail for hearing or a jury trial — He was informed that if he was found guilty or pleaded guilty he would lose his chauffeurs license —."

It further appears from the papers constituting the Justice's return that the defendant was the owner of the automobile he was driving at the time of the alleged violation.

The Justice of the Peace attempted fully and fairly to advise the defendant of all his rights, but failed to take into consideration the fact that the defendant was an automobile owner. The wording of this statute (Code Crim. Pro., § 335-a) is confusing. The use of the expression " may or must " can be interpreted as alternatives. A careful reading of section 335-a of the Code of Criminal Procedure alone fails to remove the confusion, for it appears that " may or must " applies to both the license to drive a motor vehicle as well as to the certificate of registration. This is not the intent of the statute. The intent of this statute is that upon conviction for violation of certain sections of the Vehicle and Traffic Law the license to drive a motor vehicle *must* be suspended or revoked, and for violations of other sections the license to drive *may* be suspended or revoked, ·and in *addition* to the suspension or revocation of the license to operate a motor vehicle, the certificate of ownership *may* be suspended or revoked. This confusion arises because the draftors of the legislation placed the words " the certificate of registration of his motor vehicle or motor cycle " imme diately before the words " may or must ". There is no provision in the law as contemplated by section 335-a of the Code of Criminal Procedure which makes it mandatory to suspend or revoke a certificate of registration except when necessary to comply with subdivision 8 of section 63-y of the Public Service Law.

As to the license to drive a motor vehicle subdivision 2 of section 71 of the Vehicle and Traffic Law clearly sets forth the violations and circumstances under which licenses to drive a motor vehicle *must* be suspended or revoked, and subdivision 3 of section 71 of the Vehicle and Traffic Law clearly sets.forth the violations and circumstances in which licenses to drive and *certificates of registration may* be suspended or revoked. It should be noted here, of course, that subdivision 2 of section

71 of the Vehicle and Traffic Law specifically states, " and such certificates of registration *may* (this emphasis supplied by me) also be revoked " or suspended.

Thus, there is one class of violations in which licenses to drive motor vehicles *must* be suspended, and *also* as an additional penalty in the case of an owner, a certificate of registration *may* be suspended or revoked, but for the one exception set forth above; and there is a second class of violations in which licenses to drive a motor vehicle *may* be suspended, and *also* as an additional penalty, in the case of an owner, the certificate of registration *may* be revoked.

When a defendant is arraigned upon a violation of the Vehicle and Traffic Law and before any plea is made, the magistrate must inform the defendant:

1. Of his general rights as provided by the Code of Criminal Procedure.

2. If the violation is one included in subdivision 2 of section 71 of the Vehicle and Traffic Law, that upon his conviction his license to operate a motor vehicle *must* be suspended or revoked.

3. If the violation is one included in subdivision 3 of section 71 of the Vehicle and Traffic Law, that his license to operate a motor vehicle *may* be suspended or revoked.

4. That if he is an owner, his certificate of ownership *may* be suspended or revoked in *addition* to the suspension or revocation of his license to operate a motor vehicle, if the violation is one included in either subdivision 2 of section 71 of the Vehicle and Traffic Law *or* subdivision 3 of section 71 of the Vehicle and Traffic Law (except for the exception set forth above).

5. That either or both suspensions or revocations *are in addition* to the usual penalty of a fine or imprisonment.

6. And he must *expressly* inform the defendant that a plea of guilty is equivalent to a conviction after trial.

If the magistrate fails to inform the defendant in any of the above, the conviction is void.

It is not necessary in this matter to determine whether the Magistrate's language herein is adequate to inform the defendant that his license to operate a motor vehicle must be suspended or revoked upon conviction, or as to whether his language is adequate to inform the defendant expressly that a plea of guilty is equivalent to a conviction after trial. From the return of the Magistrate, it is clear that he made no mention of the certificate of registration and failed to inform the defendant.

an owner, that upon a plea of guilty or a conviction after trial that his certificate of registration *may* be suspended. That the suspension or revocation of a certificate of registration is not mandatory is of no importance. That it *may* be suspended is of such importance the defendant must be informed of such a possibility.

If a defendant owner earns his livelihood through the operation of a motor vehicle or motor vehicles, the suspension or revocation of the certificate of registration may be a greater penalty than the suspension or revocation of the license to operate a motor vehicle. Other licensed operators might operate his vehicle or vehicles for him and thus permit a continuance of his business.

Because of the failure of the Magistrate herein to inform this defendant that his certificate of ownership may be suspended or revoked, this conviction is reversed and the judgment thereon vacated on the law, and a new trial ordered. Prepare and submit order accordingly.