THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOSEPH BEAN, Defendant.

City Court of Utica, September 9, 1949.

*Joseph F. Barbano* for defendant.

*J. Herbert Gilroy, Corporation Counsel* (*Harold H. Hymes* of counsel), for plaintiff.

WALSH, J. Petitioner may " at any time, by writ of *coram nobis,* attack the validity of a judgment of conviction that has been obtained contrary to statute and in violation of the protection afforded by the State and Federal Constitutions " (*Matter of Bojinoff* v. *People,* 299 N. Y. 145, 152).

The basis of petitioner's application rests upon his claim that at the time of conviction he was twenty years of age and that he was not advised of his right to procure counsel. In addition, he files the affidavit of one Paul Schecter, the original complainant who states, '' he does not remember the Court instructing the defendant, regarding his rights to have counsel in the proceedings, and he believes that if such a statement was made, he would have heard it and remembered it.''

An examination of the court records discloses that the same are silent as to whether or not the petitioner was interrogated concerning his desire for, or informed of his right to counsel.

There is a presumption of regularity attending judgments of conviction and to be successful, petitioner must rebut such presumption. The law seems clear that the fact that court records are silent coupled with the petitioner's affidavit years later that he was not advised of his rights, is not sufficient in and of itself to rebut the presumption of regularity attaching to judgments of conviction (*People* v. *Lake,* 190 Misc. 794, appeal dismissed 299 N. Y. 675).

In my opinion, the affidavit of Schecter adds nothing to the case because it is negative in character. In the absence of affirmative evidence that defendant was not in fact informed of his rights, petitioner cannot be successful.

Application is, in all respects, denied without prejudice.