THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* FRANK A. LAWRENCE, Appellant.

County Court, Herkimer County, April 21, 1950.

*Albert W. Schneider, District Attorney,* for respondent.

*James P. O'Donnell, Jr.,* for appellant.

PETERSON, J. In the above-entitled case the defendant was charged with a violation of subdivision 5-a of section 70 of the Vehicle and Traffic Law. Defendant entered a plea of guilty to the crime charged. This being a violation of the Vehicle and Traffic Law, it is necessary that the provisions of section 335-a of the Code of Criminal Procedure be complied with. This section, in part, provides as follows: " The magistrate, after the arrest  *  *  *  of a resident  *  *  *  charged with a violation of the vehicle and traffic law, or other law or ordinance relating to the operation of motor vehicles or motor cycles, and before accepting a plea, must inform the defendant at the time of his arraignment that upon conviction, not only will he be liable to a penalty, but that, in addition, his license to drive a motor vehicle or motor cycle, or in the case of an owner, the certificate of registration of his motor vehicle or motor cycle, may or must be suspended or revoked in accordance with the provisions of law governing the charge involved, *and must expressly inform the defendant that a plea of guilty is equivalent to a conviction after trial.*" (Italics mine.)

The return of the Justice of the Peace states that he informed defendant of all his constitutional rights and privileges. This is not sufficient compliance with section 335-a of the Code of Criminal Procedure. (*People* v. *Bruno,* 43 N. Y. S. 2d 942.)

It was mandatory that defendant be expressly informed '' that a plea of guilty is equivalent to a conviction after trial.'' The return filed by the Justice does not show that defendant was so expressly informed. The failure to comply with section 335-a of the Code of Criminal Procedure in this respect vitiates any conviction. (*People* v. *Bruno, supra; Matter of Sitts* v. *Mealey,* 173 Misc. 82.)

The conviction should therefore be reversed and a new trial granted.

Order may be entered accordingly.