THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT HARRIS GROGAN, Appellant.— On or about November 10, 1950, defendant was arraigned for trial before a City Magistrate, sitting as a Court of Special Sessions of the City of New York, Borough of Brooklyn, on a complaint charging him with having operated a motor vehicle on a public highway in the county of Kings "without being of age", in violation of "section 20 of subdivision 1, of the Vehicle and Traffic Law". The record does not disclose that the City Magistrate informed defendant that, upon conviction, not only would he be liable to a penalty, but that, in addition, his license might be suspended or revoked, and that he failed specifically to inform defendant that a plea of guilty is equivalent to a conviction after trial. (Code Crim. Pro., § 335-a.) The defendant pleaded not guilty, was tried, and the court reserved decision. On November 21, 1950, when the defendant was arraigned for decision and sentence, the court on its own motion amended the complaint so as to charge defendant with having violated subdivision 4 of section 20 of the Vehicle and Traffic Law in that he operated a motor vehicle on a public highway in the county of Kings without being "duly licensed" to do so by the Commissioner of Motor Vehicles of the State of New York. The court then found the defendant guilty and sentenced him to pay a fine of $10 or to serve three days in the City Prison. The fine was paid. Judgment reversed on the law and the facts, information dismissed and fine remitted. The record discloses that the complaint was amended on the court's own motion after arraignment and trial so as to charge defendant with a different crime than the one on which he was tried. Reversal is required by reason of the failure of the City Magistrate to comply with the provisions of section 335-a of the Code of Criminal Procedure. The District Attorney concedes that there should be reversal for that reason, but states that a new trial should be granted. The information is dismissed because it was insufficient to charge any crime, and the trial court was without power to cure the defect by amendment. (*People* v. *Geyer,* 196 N. Y. 364; *People* v. *Bromwich,* 200 N. Y. 385; *People* v. *Grout,* 91 Misc. 451; cf. N. Y. City Crim. Cts. Act, § 31, subd. 4.) Nolan, P. J., Johnston, Adel, Wenzel and Schmidt, JJ., concur.

◼

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROSARIO QUAGLIA, Appellant.— Judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting appellant of a violation of section 986 of the Penal Law (book-making) unanimously affirmed. No opinion. Present — Nolan, P. J., Carswell, Adel, MacCrate and Schmidt, JJ.