THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* EUGENE CLEMENT D'ART and BEULAH D'ART, Defendants.

County Court, Sullivan County, May 4, 1954.

*Meyer Novick* for defendants.

*Ben Newberg, District Attorney* (*Leon Greenberg* of counsel), for plaintiff.

COOKE, J. Defendants were convicted in the Police Court of the Village of Liberty of violating section 483 of the Penal Law. No appeal was taken therefrom. Here, in County Court in the first instance, they bring this proceeding in the nature of a writ of *coram nobis* to vacate the judgments of conviction and the sentences imposed.

It is well settled that it is *only* the court where a defendant is tried and convicted that possesses the power to hear and decide a motion in the nature of a writ of error *coram nobis* (*People* v. *Wurzler,* 300 N. Y. 344; *People* v. *McCullough,* 300 N. Y. 107; Frank on '' Coram Nobis '', pp. 75–77).

A Police Court is a Court of Special Sessions within the meaning of the Code of Criminal Procedure (Code Crim. Pro., § 74; Village Law, § 182; *People* v. *Thomas,* 71 Misc. 365, 366) and a Court of Special Sessions has the inherent power to entertain a *coram nobis* proceeding involving its own judgment of conviction, even though it is a court not of record (*Matter of Hogan* v. *New York Supreme Court,* 295 N. Y. 92; *People* v. *Eastman,* 306 N. Y. 658; *People* v. *Mons,* 195 Misc. 479; *People* v. *Bean,* 195 Misc. 1025; *People* v. *Blair,* 203 Misc. 553; Frank on '' Coram Nobis '', pp. 78–79).

Although this matter might come to County Court on appeal, the proceeding must be addressed first to the Police Court in which defendants were tried and convicted. To rule otherwise would be a contravention of the law as laid down definitely and repeatedly by the Court of Appeals. At this time the County Court has no power to make a determination in this proceeding and accordingly the application is denied, without prejudice.

Submit order.