THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* CHARLES DUELL, Appellant.

Fourth Department, November 2, 1955.

*Harry L. Rosenthal, District Attorney (Nicholas P. Varlan of counsel), for respondent.*

*Joseph A. Taddeo for appellant.*

KIMBALL, J. The appellant was indicted in Monroe County for violation of subdivision 5 of section 70 of the Vehicle and Traffic Law, as a felony, it being charged that he had previously been convicted of operating a motor vehicle while in an intoxicated condition. The defendant was arraigned upon the indictment in the County Court of Monroe County on December 2, 1954. He asked for counsel and adjournment was taken to December 7, 1954, at which time appellant pleaded not guilty. The matter was then adjourned to December 9, 1954, at which time appellant withdrew his plea of not guilty, after conferring with his counsel, and pleaded guilty to the indictment. January 6, 1955, was the day set for sentence, at which time appellant was sentenced to a term of one to two years in Attica Prison. Execution of the sentence was suspended and appellant was placed upon probation. Thereafter, and on January 14, 1955, after a hearing, appellant was found to have violated the terms of probation. The court then revoked the sentence of January 6, 1955, and sentenced appellant to Attica State Prison for a term of one to two years and imposed a fine of $1,000, with confinement for 1,000 days unless the fine was paid.

It is undisputed that at no time from the date of the first arraignment to the time of the sentence of January 14, 1955, did the court instruct the appellant pursuant to the provisions of section 335-a of the Code of Criminal Procedure, as the section then read. The sole question presented is whether said section 335-a is applicable where, as here, a defendant is charged by indictment with a felony in a court of record. We believe this is the first time that particular question has arisen. The legislative purpose of said section 335-a is familiar to all and need not be here repeated. At first blush, it might be thought that the Legislature intended the instructions to be given, before a plea, only in cases of infractions or misdemeanors which the magistrate had jurisdiction to hear and dispose of. However, section 335-a of the Code of Criminal Procedure is all-inclusive and there is no exception as to any violation of the Vehicle and Traffic Law, whether the violation be an infraction, a misdemeanor or a felony.

Although violation of subdivision 5 of section 70 of the Vehicle and Traffic Law is made a felony for a second offense,

it still is a violation of such law and within the purview of section 335-a of the Code of Criminal Procedure. A county judge is a magistrate (Code Crim. Pro., § 147) and has authority to revoke or suspend licenses and certificates of registration (Vehicle and Traffic Law, § 71, subd. 1).

It is our conclusion that section 335-a must be complied with upon the arraignment in the case of any charge of violation of the Vehicle and Traffic Law in any court having jurisdiction of the charge where conviction may result in revocation or suspension of license or registration. The instruction was required to be given upon the arraignment and before acceptance of the plea. Failure to comply rendered the judgment of conviction void. (*People* v. *Sutcliffe,* 255 App. Div. 299; *People* v. *Serences,* 255 App. Div. 587; *People* v. *Negro,* 263 App. Div. 985; *People* v. *Grogan,* 281 App. Div. 706; *People* v. *Becker,* 184 Misc. 892; *People* v. *Lawrence,* 198 Misc. 107.) We think the fact that the appellant was represented by counsel is of no moment. The duty to instruct before plea is not limited by section 335-a. The requirement is the same for all defendants appearing with or without counsel.

The judgment of conviction rendered on the 14th day of January, 1955, should be reversed; the plea of guilty on December 9, 1954, should be vacated and set aside, and the matter remitted to the County Court of Monroe County for further proceedings upon the indictment according to law and in accordance with this opinion.

All concur. Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.

Judgment of conviction rendered on the 14th day of January, 1955, reversed on the law, and plea of guilty vacated, and matter remitted to the Monroe County Court for further proceedings upon the indictment according to law, and in accordance with the opinion.