Burke, J.
This appeal presents the question as to whether the trial court upon arraignment is obliged to instruct the defendant of the possible consequence of a plea of guilty as required by section 335-a of the Code of Criminal Procedure, although the defendant did not have a license to drive a motor vehicle and was represented by counsel.
The defendant was indicted December 2, 1954, and charged with the crime of driving while intoxicated in violation of subdivision 5 of section 70 of the Vehicle and Traffic Law, as a felony. On December 9, 1954, defendant pleaded guilty and on January 6, 1955, he was sentenced as a third offender to he committed to the State Prison at Attica, New York, for an indeterminate term, the minimum of which was to be one year and the maximum two years. Execution of the judgment was suspended. The defendant was placed on five (5) years’ probation and ordered to refrain from driving automobiles and from drinking alcoholic beverages. Counsel represented the defendant at the arraignment and all subsequent proceedings.
After a hearing on January 14, 1955, on a charge of violation of probation, the defendant was held to have violated the terms of his probation; the court revoked, vacated and set aside the sentence of January 6,1955. The defendant was then sentenced to an indeterminate term at the State Prison at Attica, New York, the minimum to be one year and the maximum two years, *134 and was fined one thousand dollars ($1,000), with the provision that if said fine remained unpaid, the defendant was to be confined an additional one thousand (1,000) days.
It does not appear from the record that at the time of arraignment the court was aware that the defendant did not possess a license to drive a motor vehicle. The defendant conceded on January 6, 1955, prior to sentence that he did not have a license at the time of arraignment.
On the defendant’s appeal to the Appellate Division, the People relied upon the argument that the presence of counsel obviated the necessity of the trial court so advising the defendant. The Appellate Division reversed the judgment of conviction on the law and vacated and set aside the plea of guilty.
Pursuant to section 520 of the Code of Criminal Procedure, an Associate Judge of the Court of Appeals granted leave to appeal upon a certificate that a question of law was presented arising out of the status of the defendant as an unlicensed driver, which ought to be reviewed by this court.
Generally this court will not review questions raised for the first time on the appeal to this court. However, where a statute is before us for construction we should construe it in the light of all the facts as they exist. To do otherwise might result in deciding litigation contrary to law. (Persky v. Bank of America Nat. Assn., 261 N. Y. 212; Beekman v. Frost, 18 Johns. 544.) In any event we must use good law in reaching a decision. (Rentways v. O'Neill Milk & Cream Co., 308 N. Y. 342, 349; Erie R. R. Co. v. Tompkins, 304 U. S. 64.)
The underlying purpose of all legislation relating to motor vehicle traffic is the regulation of such traffic for the protection and safety of people at large. In furtherance of this purpose, the lawful operation of a motor vehicle on the public highways requires the procurement of a license as a requisite of a minimum proof of capability. Indeed, even the lawful operation of a motor vehicle on the public highways requires that ownership be evidenced by a certificate of registration. The licensing system is the keystone of all the legislative safeguards deemed necessary to protect the public against death or mutilation. Hence a license or a certificate of registration is valuable. The Legislature intended by section 335-a of the Code of Criminal Procedure to protect the rights of persons possessing such a license or certificate.
*135 Representation by counsel does not relieve the magistrate of the duty of complying with the mandate of the statute. (Matter of De Lynn v. Macduff, 305 N. Y. 501; People v. Grogan, 281 App. Div. 706.) But the intendment of this legislative mandate is the accomplishment of a meaningful act, rather than the performance of a meaningless ritual. The ascertainment of the defendant’s status as a licensed or unlicensed driver is designed to serve a dual purpose (1) whether under subdivision 2 (par. [b]) of section 71 of the Vehicle and Traffic Law the power of the trial court may be effectively exercised, and (2) that the Vehicle and Traffic Law is being fully enforced. A defendant having the status of an unlicensed driver or unregistered owner is not entitled to an instruction as to consequences which cannot be visited upon him. Where a person has been convicted of driving a motor vehicle while intoxicated, no new license can be issued for at least six months after a revocation. (Vehicle and Traffic Law, § 71, subd. 2, par. [b]; subd. 5.)
The purpose of section 335-a of the Code of Criminal Procedure was to afford protection to those possessing the right of legally driving or owning motor vehicles. Since the defendant here did not possess the right, having been convicted twice previously for driving while intoxicated, there was no reason for an instruction as to the possible deprivation of the right. (Vehicle and Traffic Law, § 94-a.)
As the unlicensed status has been admitted, the failure of the record to show that the District Attorney and the County Judge demanded proof of possession of a license or registration upon arraignment may not be availed of or resorted to by the defendant as a ground for reversing this conviction.
The order of the Appellate Division should be reversed and the judgment of the County Court reinstated.