Milton Levine, J.
This is a proceeding in the nature of a writ of error coram nobis to set aside as void the judgment and sentence made by Honorable Moses L. Kove, then a Justice of this court, made on July 23, 1938, adjudging the defendant herein guilty of the crime of assault in the third degree.
The defendant, a resident of Sullivan County, State of New York, and Miami Beach, State of Florida, for the past 30 years, has enjoyed an enviable reputation in this county.
He alleges in his petition that he was not apprised at the time he was arraigned and at the time of his hearing, of his legal rights which are guaranteed to him by the Constitution of the United States and by the Constitution of the State of New York.
Said Justice had resigned as a member of this court in June of 1942 to become an assistant attorney-general of this State. In view of the fact that said Justice was no longer a member of this court, I granted an order to show cause returnable before me for the reason that these proceedings, which are in the nature of a writ of error coram nobis, must be made returnable in the same court in which the alleged proceedings were had. (People v. D’Art, 205 Misc. 743.) After a number of adjournments, a hearing of this application came before me.
The defendant testified in support of his application that he was not informed of his legal rights; namely, that he was entitled to an adjournment; that he was entitled to a jury trial; and that he was entitled to have the matter transferred to a Grand Jury.
It is conceded by the District Attorney that it is incumbent upon the Justice before proceeding to hear the case, that he inform the defendant of his rights and that any conviction obtained where the Justice has failed to do his duty is void and should be set aside. The authorities sustain that view. (People ex rel. Lee v. Jackson, 285 App. Div. 33, affd. 309 N. Y. 676; People v. D’Art, 205 Misc. 743, supra.)
Mr. Justice Kove, in his testimony before me upon the hearing of this matter admitted that his memory had been dulled by the passage of time, and in a letter addressed to defendant’s counsel he stated, amongst other things, that he had no recollection of the facts as to whether he informed this defendant of all of his rights, although he did testify that he spoke to defendant’s counsel regarding a jury trial. He did not state that he informed the defendant or his counsel of such right at the time of the arraignment or at the time of the trial and he candidly admitted upon this hearing that he had no recollection of advising defendant of his right to transfer the matter to the Grand *411 Jury. These were substantial rights. He did, however, say that it has always been his practice and custom to advise alt defendants of their rights and such testimony is admissible in applications of this kind. (People v. Bean, 284 App. Div. 922.)
Nevertheless, the weight of such testimony in the light of the cases is of very little probative value, especially where the substantial rights of a person to his liberty and pursuit of happiness may be effected.
Nowhere in the record does it appear that the court specifically advised the defendant that he had a right to a jury trial. Nowhere in thq record is there any mention or suggestion that the Justice informed the defendant of his right to have the charge prosecuted by indictment and that he could have an adjournment for the purpose of making application therefor. This defendant, unlike many others who have resorted to coraw. nobis, has no other blemish upon his record.
The Justice’s testimony was rather vague and unclear on material matters when he testified that he had no specific recollection of advising defendant of his right to transfer the matter to the Grand Jury, and at the same time he testified as to his custom and practice. This vagueness was reiterated and emphasized in his letter to defendant’s counsel wherein he wrote that he has no recollection of informing defendant of his rights. This statement, together with the manner in which he testified, lends credence to the defendant’s contention that he was not informed of his substantial rights.
The testimony of the defendant standing alone, if believable, is sufficient to overcome the presumption of the regularity of the proceedings.
Here, the defendant’s proof fully supported his contention that he was not advised of his rights to a trial by jury, and that he could have the matter prosecuted by indictment. His testimony was clear and convincing. Under such circumstances the presumption that the proceedings were regular was duly and legally overcome.
In Justices’ Court there is no clerk, usually no stenographer or other court attache.
The uncontroverted and undenied testimony of the defendant was sufficient to overcome the presumption that the proceedings were regular.
As the Appellate Division said in People v. Duell (286 App. Div. 525, 526): “ The instruction was required to be given upon the arraignment and before acceptance of the plea. Failure to comply renders the judgment of conviction void. [Citing cases.] We think the fact that the appellant was represented *412 by counsel is of no moment. The duty to instruct before plea is not limited by section 335-a. The requirement is the same for all defendants appearing with or without counsel.’^
A waiver of defendant’s right to a trial by jury or to have his matter prosecuted by indictment must be made understandingly, competently, and intelligently, and the defendant in waiving either of such rights must act affirmatively, voluntarily and consciously. (People v. Lynch. 2 Misc 2d 217; People v. Richetti. 109 N. Y. S. 2d 29.)
The courts do not presume acquiescence in the loss of fundamental rights. (People v. Richetti, supra.)
The testimony of the defendant was unimpeached. His testimony was not contradicted and overcame the mere presumption of regularity. (Elwood v. Western Union Tel. Co., 45 N. Y. 549, 553-554.)
Considering all of the facts, this defendant has more than overcome the presumption of regularity and has amply justified himself entitled to the relief sought upon this application. Accordingly, I am constrained to vacate the judgment of conviction and sentence rendered by this court on July 23, 1938 and have set the matter down for trial before me at my offices at Hurleyville, New York on February 10,1958 at 7:00 p. m.
Submit order accordingly.