William E. J. Connor, J.
The question presented on this appeal from the denial by the Justice of the Peace of a writ of error coram nobis, is whether or not the Justice of the Peace before whom the defendant pleaded guilty to a traffic violation, either directly or indirectly, lulled the defendant into the belief that a plea of guilty would not jeopardize his license to operate a motor vehicle. By statute, section 335-a of the Code of Criminal Procedure, it is provided that a Justice of the Peace in any case in which a plea of guilty may give rise to the loss of such a license, that the Justice must inform the defendant of this fact. And it has been held in Matter of Nervo v. Mealey (175 Misc. 952) that the failure of the Magistrate to comply with section *397 335-a rendered his judgment of conviction void and may he collaterally attacked. (See, also, People v. Becker, 184 Misc. 892; Matter of Fredette v. Kelly, 3 Misc 2d 514.) It would appear only reasonable that a Justice cannot follow the statute and then later on in the proceeding make statements that are inconsistent therewith. In fact, the Appellate Division in Matter of Johnson v. Kelly (2 A D 2d 213, 215) provides that the test is whether or not ‘£ in the light of the facts and circumstances found to have existed at the time, to vitiate the warning and render it ineffectual for the purpose of complying with the statute.”
A careful reading of the testimony of the arresting officer, who certainly cannot be held to be biased in favor of the defendant, leaves little doubt that the Judge more or less assured the defendant that if he pled guilty that he would not lose his license. I quote a portion from the statement of the arresting officer in the testimony given:
££A. Mr. Chapman said it was his third conviction, that he didn’t want to loose his license, he would not plead guilty. The Judge looked at his license. That according to what is on the back of your license it is your second conviction.
££Q. This, of course, was before he pleaded guilty. ££ A. That’s right. -He asked the Judge, he said, £ Judge do you consider this my third or second conviction for speeding?’ The judge said according to what is written on the back of the license it is your second speeding conviction in 18 months and that if he pleaded guilty it would be his second conviction.
‘ ‘ Q. Then what happened. A. He pleaded guilty.
££ Q. Then what next happened. A. The Judge wrote on his license and fined him of course as a second offense. Then the case closed.”
It would not appear that the arresting officer would have made this statement of fact if in fact it did not happen.
For the above reason the writ of error coram nobis should have been granted, and I direct that it do issue.