Oscar Murov, J.
The defendant moves for an order vacating the judgment entered herein in the Justices’ 'Court of the Town of Islip, County of Suffolk, New York, on November 27, 1958, convicting the defendant of the crime of assault in the third degree under section 244 of the Penal Law. The defendant avers that he was not advised by counsel, “may not have been informed by the Court that he had a right to be represented by Counsel,” accepted the advice of a detective and a policeman to plead guilty and was at the time of such conviction of the age of 17, was ignorant of his right to youthful offender treatment pursuant to section 913-e of the Code of Criminal Procedure, and seeks an order granting leave to the defendant to withdraw his plea of guilty and grant him youthful offender treatment pursuant to section 913-e.
The District Attorney submits in opposition a copy of the notice of appeal filed by the defendant through his attorney dated December 1, 1958, and the affidavit of appeal sworn to by the defendant shows among other things: That throughout the proceedings the defendant was not represented by counsel and the defendant being unfamiliar with his legal and constitutional rights, entered a plea of guilty to said charge; that the court failed to advise the defendant of his right to counsel and his right to have a trial by jury or by a trial court; that he was entitled to an adjournment for the purpose of retaining counsel; that the sentence imposed was excessive under all of the circumstances including an averment that he -‘-was not in a mental or physical condition to understand the nature of the proceedings or that any steps for protection of his constitutional rights.”
*251 The complainant in this matter was the wife of the defendant, and the Justice of the Peace sentenced the defendant for a term of 60 days in the county jail. The Justice’s return on appeal discloses that the defendant is 17 years of age and that his wife, Anita, is 16 years of age, and the details concerning the assault, and that “ The defendant, Emil Becvar, was advised of his rights; that he was entitled to an attorney and an adjournment to secure an attorney and was given the use of the telephone. He then pleaded guilty and was sentenced to 60 days.”
The Justice further states that he was advised by the defendant’s wife and his grandmother that the defendant had been in jail five or six days and had learned his lesson and that the parties were now living happily together and that ‘ ‘ it would probably be for the best interests of all, the wife, the child and the defendant if this matter was disposed of. I believe he has learned his lesson.”
The County Judge before whom this appeal was heard affirmed the judgment on the law and the facts and ordered that the defendant be placed on probation for 12 months pursuant to section 932 of the Code of Criminal Procedure.
The Justice of the Peace is now deceased and the then attorney for the defendant who filed the appeal is likewise deceased.
This application is in the nature of a writ of error coram nobis, The jurisdiction to hear a motion for coram nobis relating to a judgment rendered in the Justices’ Court would normally be heard in the Justices ’ Court which rendered the original judgment. In People v. McCullough (300 N. Y. 107 [1949]), Judge Ftjld, in referring to coram nobis as a remedy in this State to set aside a judgment obtained in violation of a constitutional right, said, “That does not, however, mean that it may be availed of in a court other than the one in which the judgment was rendered. On the contrary, as its ancient common-law title — ‘quae coram nobis resident’ * * * —plainly signifies, its function was and is simply to call certain matters to the attention of the court in which the case was tried.”
In People v. Dold (45 Misc 2d 52, 55) the court, in referring to the testing of previous in-State convictions used as predicates for multiple offender treatment, rendered in another court, said: “ Such a review of judgments of conviction by courts of co-ordinate or even inferior jurisdiction Would be however a radical departure from the notion that the trial court is peculiarly qualified to pass upon claims, among others, that its *252 judgment was afflicted by some due process failure. (See People v. McCullough * * * supra.) ”
The essence of coram nobis is that it is addressed to the very court which rendered the judgment in which injustice is alleged to have been done, in contrast to appeals or review directed to another court. The words coram nobis (“our court”) as compared to the common-law writ of coram vobis (“your court ”) clearly point this up.
Section 2611 of the Suffolk County Charter (in Uniform District Court Act, Suffolk County Provisions Supplemental To UDCA) entitled “ Pending action and proceedings ” — “ (a) No action or proceeding, civil or criminal, pending at the time when this act shall take effect, shall be affected or abated by the passage of this act or by anything herein contained. All actions or proceedings, civil or criminal, pending in the courts of special sessions of the towns of Babylon, Huntington, Islip, Smithtown and Brookhaven or pending before justices of the peace in the said towns on December thirty-first, nineteen hundred sixty-five, the date such courts are to be abolished, are hereby transferred to the district court of Suffolk county, (b) For the purpose of the disposition of such actions and proceedings only, the jurisdiction of the district court of Suffolk county shall be deemed: (1) expanded to that of the abolished court whenever necessary to sustain the jurisdiction of the district court of Suffolk county over such action or proceeding if the abolished court has jurisdiction of the same; and (2) contracted to that of the abolished court so as to prevent the district court of Suffolk county from giving relief of such nature or in such amount as could not be given by the abolished court ”.
I, therefore, find that the District Court of Suffolk County has authority to hear a motion for coram nobis relating to a judgment rendered in the Justices’ Courts normally comprising the Towns of Babylon, Huntington, Islip, Smithtown and Brookhaven, Suffolk County, New York.
The defendant in his own affidavit states that he does not recall whether the court informed him of his right to be represented by a lawyer. Apparently there was no stenographic record and if there is no record available from the Justices’ Court to indicate whether the defendant was advised concerning his right to counsel and whether he was also advised that a lawyer would be assigned in case of his inability to pay, then the mere fact that the defendant alleges he was not represented by counsel is sufficient in itself, without other evidence, to overcome the presumption of regularity of the proceedings in the Justices’ Court.
*253 In the ease of People v. Richetti (302 N. Y. 290) the defendant in a coram nobis application moved to set aside a judgment of conviction in the County Court, on the grounds that he was not informed of his right to have counsel by the court. The record of the trial in the County Court was no longer available, the stenographic minutes having been destroyed, and the Judge deceased. In this case Judge Desmond states (pp. 294-295): ‘ ‘ Defendant was granted leave to appeal to this court, primarily to examine into this question, of undoubted prime importance: May a convicted defendant, moving by way of coram nobis, to set aside his conviction on alleged grounds sufficient therefor if proven, and not conclusively shown by opposing papers to be false, be denied a trial, if properly demanded, of those sworn allegations? The question, we think, answers itself, in the negative.
“ Fundamental concepts of due process, decisions of the United States Supreme Court and of our own court, and the very notice of the coram nobis type of relief — all demand a trial of such sworn statement assertions.”
It is only when the record conclusively demonstrates the falsity of the allegations and there is no reasonable probability at all that the averments are true, that a hearing will be denied. (People v. Guariglia, 303 N. Y. 338.)
If in the instant ease, the court were to rely exclusively upon the return made by the Justice of the Peace, subscribed by him and stating that the defendant was advised as to his right to counsel, the remaining question as to whether the defendant, due to his age and lack of experience, waived this right intelligently, should nevertheless be examined on a coram nobis hearing. An alleged waiver must be decided according to its own circumstances, including the background and experience of the accused and the manner in which he conducted himself at arraignment. (Johnson v. Zerbst, 304 U. S. 458 [1938].)
People v. Witenski (15 N Y 2d 392, 395 [1965]) Chief Judge Desmond said: “ The bare statement to an ignorant teenager that he is entitled to the aid of counsel in every stage ’ plus an offer to send a message to a lawyer to be named by the defendant, followed by the defendant’s negative answer as to a question whether he desired counsel, did not show an effective waiver by the defendant to his right to counsel.”
As was said in Matter of Bojinoff v. People (299 N. Y. 145, 151): “ It is also well established that waiver of such statutory and constitutional rights is occasioned only when the accused acts understandingly, competently and intelligently”.
*254 As to the appeal taken to the County Court, the Court of Appeals has stated the rule that a motion for coram nobis will be only in the court where the original judgment of conviction was rendered. The fact that a conviction has been reviewed and affirmed by a higher court, by appeal, does not preclude a subsequent coram nobis proceeding which is properly founded. (Frank, Coram Nobis, § 4.01, p. 75.)
It is required, then, that the application be made to the court which rendered the original judgment. (People v. Morris, 17 A D 2d 767.) This follows even though the sentencing Judge is no longer sitting, or is disqualified. (People v. Amoroso, 8 A D 2d 683; People v. Carpus, 2 A D 2d 653.) In People v. Wurzler (300 N. Y. 344) it was held that the disqualification of the sole County Judge did not warrant the transfer of the matter to the Supreme Court. Bather, as may be done under the law, another County Judge should have been brought in to sit in the County Court to enable the proceeding to be heard in the original court. And while County Judges are vested with some of the powers of Supreme Court Justices in appropriate circumstances, it was held erroneous to bring coram nobis in the Erie County Supreme Court. (People v. Vogel, 8 A D 2d 770.)
At one point in the development of coram nobis, doubt was asserted as to the powers of inferior courts, and courts not of record, to entertain the proceeding. The essential nature of a Court of Special Sessions is that it is not a continuing court; it is merely a court specially convened by a designated judicial officer for a special purpose. But the Court of Appeals soon decided “ that the writ of error coram nobis lies in courts not of record — such as a Court of Special Sessions ”, (People v. Eastman, 306 N. Y. 658, 659-660.) The whole current of authority is reflected in the language of People v. D’Art (205 Misc. 743, 744): “ the proceeding must be addressed first to the Police Court in which defendants were tried and convicted” and of People v. Zajkowski (121 N. Y. S. 2d 586, 590): “ Such courts [of Special Sessions], although having no continuing jurisdiction and not being courts of record, ‘ have all the powers incidental to the proper discharge of. duty, ’ including motions in the nature of coram nobis.” (See Paperno and Goldstein, Coram Nobis Proceedings.)
I find that there are some questions of fact which can only be resolved at a hearing and accordingly this matter is scheduled to be heard before this court on May 27, at 9:30 a.m, at Commack District Court.