OPINION
{¶ 1} On August 10, 1988, the Coshocton County Grand Jury indicted appellant, George Carpenter, on several counts of rape in violation of R.C. 2907.02 and gross sexual imposition in violation of R.C. 2907.05. Following a jury trial, appellant was convicted of two counts of gross sexual imposition and two counts of rape, one count including a force specification. By judgment entry filed December 16, 1988, the trial court sentenced appellant to an aggregate term of life imprisonment.
 {¶ 2} On September 18, 2001, appellant filed a "writ of error coram nobis." Appellant complained the "prosecution has made a structural and fundamental error" by failing "to institute the legal or lawful process in initiating lawful prosecution of the Defendant." Appellant claimed the trial court lacked jurisdiction because no complaint had been filed. By judgment entry filed January 2, 2002, the trial court denied the writ, finding the writ was "in actuality a petition for post-conviction relief" and same was untimely and lacked merit.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 {¶ 4} "IT WAS ERROR FOR THE TRIAL COURT TO HOLD THAT A WRIT OF ERROR CORAM NOBIS WAS A POST-CONVICTION PETITION."
II
 {¶ 5} "IT WAS ERROR FOR THE TRIAL COURT TO RULE THAT A COMPLAINT IS NOT REQUIRED TO GIVE JURISDICTION OVER THE SUBJECT TO THE COURT."
 I {¶ 6} Appellant claims the trial court erred in denying his "writ." We disagree.
 {¶ 7} The trial court reviewed appellant's "writ" and found "it is in actuality a petition for post-conviction relief filed beyond the time limit established by R.C. 2953.21." See, Judgment Entry filed January 2, 2002.
 {¶ 8} Barron's Law Dictionary (3 Ed. 1991) 534, defines a "writ of error coram nobis" as follows:
 {¶ 9} "The purpose of the writ `is to bring the attention of the court to, and obtain relief from, errors of fact, such as . . . a valid defense existing in the facts of the case, but which, without negligence on the part of the defendant, was not made, either through duress or fraud or excusable mistake; these facts not appearing on the face of the record [nor being facts that,] if known in season, would have prevented the rendition and entry of the judgment questioned. . . . [Thus,] writ does not lie to correct errors of law.' 198 P.2d 505, 506. It is addressed to the court that rendered the judgment in which injustice was allegedly done, in contrast to appeals or review, which are directed to another court. 269 N.Y.S.2d 983, 986."
 {¶ 10} A motion for postconviction relief is defined in R.C.2925.21(A)(1) as a claim "that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States."
 {¶ 11} Appellant's "writ" challenged the trial court's jurisdiction because prosecution was not initiated by the filing of a complaint. Appellant cited to authority under the United States Constitution.
 {¶ 12} We concur with the trial court's decision that the filing was "in actuality a petition for post-conviction relief" because it requested the enforcement of rights guaranteed by the United States Constitution. The Supreme Court of Ohio has spoken on this issue in Statev. Reynolds (1997), 79 Ohio St.3d 158, syllabus:
 {¶ 13} "Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21."
 {¶ 14} Therefore, the trial court was correct in finding the "writ" was in actuality a petition for postconviction relief. Although the trial court discussed the merits of the motion, it also found the motion was not timely pursuant to R.C. 2953.21(A)(2) which states as follows:
 {¶ 15} "A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."
 {¶ 16} Appellant was sentenced on December 16, 1988 and the direct appeal was determined on September 26, 1989. See, State v. George B.Carpenter (September 26, 1989), Coshocton App. No. 89-CA-1. We agree the petition was untimely filed.
 {¶ 17} Assignment of Error I is denied.
 II {¶ 18} Appellant claims the trial court erred in finding it had jurisdiction to hear the rape and gross sexual imposition charges. The trial court found no error in the initiation of the criminal proceedings by way of an indictment. Appellant claims the charges against him could have been initiated only through the filing of a complaint. We disagree.
 {¶ 19} Pursuant to Section X, Article I, of the Ohio Constitution and Crim.R. 7, the initiation of felony charges shall be by indictment. In lieu of an indictment in non-capital cases and a waiver by the defendant, a bill of information may be utilized. See, Crim.R. 7(A). A complaint pursuant to Crim.R. 3 and 4 may also be used to initiate the criminal process in arresting an individual. It is however, the clear mandatory language of the Ohio Constitution and the Criminal Rules that felony charges such as the ones herein shall be commenced with the filing of an indictment or bill of information.
 {¶ 20} The case sub judice was initiated via a true bill being returned by the Coshocton County Grand Jury and an indictment being issued on August 10, 1988. See, Crim.R. 6(F). We find the trial court had jurisdiction to hear the charges.
 {¶ 21} Assignment of Error II is denied.
 {¶ 22} The judgment of the Court of Common Pleas of Coshocton County, Ohio is hereby affirmed.
By Farmer, J., Gwin, P.J. and Wise, J. concur.
topic: "writ of error coram nobis" petition for post-conviction relief denied.