# State of New York Court of Appeals

## MEMORANDUM

This memorandum is uncorrected and subject to revision before publication in the New York Reports.

No. 100  SSM 7
The People &c.,
　　　　Appellant,
　　v.
Nikolas Lovett,
　　　　Respondent.

Submitted by Taylor Fitzsimmons, for appellant.
Respondent, precluded.

MEMORANDUM:

The County Court order should be affirmed.

Defendant was charged by simplified traffic information with a single traffic infraction.  On the day of trial, he moved to dismiss the information for noncompliance

- 1 -

with the speedy trial statute (CPL 30.30), and the People conceded their obligation to be ready for trial within the time period that was alleged to apply under the statute. Town Court granted the motion, and County Court affirmed, concluding that CPL 30.30 (1) (e) applies to traffic infractions.

On appeal, the People contend that CPL 30.30 (1) (e)—which took effect more than a year before defendant was even charged—was enacted to clarify that CPL 30.30 (1) applies " 'to accusatory instruments charging traffic infractions jointly with a felony, misdemeanor, or violation,' " but that, as we stated in *People v Galindo*, " 'actions involving *only* traffic infractions would *still* not be covered by the speedy trial statute' " (quoting 38 NY3d 199, 201, 206 [2022] [emphasis added]). Thus, the instant appeal involves no intervening newly declared principle of law.

Because the People agreed in Town Court that CPL 30.30 applied to the simplified traffic information, the issue is unreviewable (*see* CPL 470.05 [2]). Contrary to the dissent's suggestion, we engender no unjust result by applying our well-settled principles governing reviewability to reject the People's attempt to reinstate the accusatory instrument against this pro se defendant, now almost two years after dismissal, by renouncing their express concession that CPL 30.30 applied.

RIVERA, J. (dissenting):

I would reverse and remit to Town Court because that court should have denied defendant Nikolas Lovett's CPL 30.30 motion to dismiss the Vehicle and Traffic Law § 1146 charge. In *People v Galindo*, we held that a standalone traffic infraction, like

- 1 -

the underlying charge here, is not subject to CPL 30.30's speedy trial time limits under a newly-amended version of that statute (38 NY3d 199, 206 [2022]). Notwithstanding the majority's conclusion that we did not pronounce a new principle of law, *Galindo* interpreted this new statutory amendment and is an intervening decision from this Court, issued during the pendency of the prosecution's direct appeal in the instant case; it thus controls (*see People v Pepper*, 53 NY2d 213, 219 [1981] [noting that the Court has deviated from the "historic common-law rule, that all cases on direct appeal must be decided in accordance with any newly declared but conceptually always existent principle" only when there has been "significant reliance on a now overruled and, therefore, in theory, erroneously stated precedent"]).

The prosecution's argument before Town Court that CPL 30.30 applied to standalone traffic infractions and that it had complied with the statute does not bar our consideration of the issue because the prosecution took that position without the benefit of our holding in *Galindo*. Thus, it cannot be said that the prosecution "affirmatively and knowingly relinquish[ed]" a claim based on settled law (*People v Jurgins*, 26 NY3d 607, 611 [2015]).

Nor is the prosecution's claim unpreserved for our review merely because it was first raised before County Court. Although parties generally may not raise claims for the first time on appeal, the Court has long held that parties may do so if those claims "could not have been obviated or cured by factual showings or legal countersteps" in the nisi prius court (*see Telaro v Telaro*, 25 NY2d 433, 439 [1969]). Thus, "where a statute is before us for construction we should construe it in the light of all the facts as they exist" because

"[t]o do otherwise might result in deciding litigation contrary to law" (*People v Duell*, 1 NY2d 132, 134 [1956], citing *Persky v Bank of Am. Nat. Assn.*, 261 NY 212, 218-219 [1933]; *see also Matter of Richardson v Fiedler Roofing, Inc.*, 67 NY2d 246, 250 [1986] ["The argument raises solely a question of statutory interpretation, . . . which we may address even though it was not presented below"], citing *Telaro*, 25 NY2d at 439 [" 'No party should prevail on appeal, given an unimpeachable showing that (they) had no case in the trial court' "], quoting Cohen & Karger, Powers of the New York Court of Appeals at 627-628). Here, the defendant could not have made any factual showings or taken legal countersteps to avoid the plain text interpretation of CPL 30.30 that the speedy trial requirement does not apply to a standalone traffic infraction charge.

The prosecution also acted expeditiously in presenting its *Galindo* claim. In its motion to reargue County Court's affirmance of Town Court's CPL 30.30 dismissal, the prosecution contended "at virtually the earliest possible moment" (*People v Finch*, 23 NY3d 408, 412 [2014]), that County Court had overlooked *Galindo*—which we decided *after* the prosecution had filed its County Court brief but before County Court affirmed the dismissal. However, County Court denied reargument, stated that it "was already aware of and took into consideration, *People v Galindo*", and nevertheless concluded that traffic infractions *are* subject to a 30-day speedy trial deadline under CPL 30.30 (1)—a holding based on reasoning we specifically rejected in *Galindo* (38 NY3d at 206 [explaining that it is "obvious from its plain text" that CPL 30.30 (1) (e) does not apply to freestanding traffic infractions]).

Contrary to the majority's assertion (maj mem at 2), its analysis results in an absurd outcome in that it subjects the prosecution to the preservation rule based on an assertion before Town Court of compliance with a speedy-trial obligation that we subsequently held to be nonexistent. Notably, the prosecution did not attempt to game the system or seek to evade the preservation rule as the prosecution gained no benefit from the position it took before Town Court regarding the applicability of CPL 30.30 (1) (e) to freestanding traffic infractions. Although the majority grounds its decision on the prosecution's position below, at no point did County Court so much as hint that a "concession" by the prosecution factored into either its initial affirmance—which relied on a pre-amendment Appellate Division case purportedly holding that the version of CPL 30.30 then in effect applied to simplified traffic informations—or its denial of the motion to reargue (maj mem at 2).

Moreover, when denying the prosecution's motion to reargue, County Court displayed the same misunderstanding of CPL 30.30 (1)'s application to freestanding traffic infractions as the prosecution had before Town Court. I see no reason to disadvantage the prosecution for reaching the same conclusion on this issue as did County Court, which insisted it had read and understood *Galindo*. "[P]rocedural rules should be so designed as to keep unjust results to a minimum" (*Finch*, 23 NY3d at 415).

I dissent.

On review of submissions pursuant to section 500.11 of the Rules, order affirmed, in a memorandum. Chief Judge Wilson and Judges Garcia, Singas, Cannataro, Troutman and Halligan concur. Judge Rivera dissents in an opinion.

Decided October 24, 2023