In the Matter of METHODI BOJINOFF, Appellant, against THE PEOPLE OF THE STATE OF NEW YORK, Respondent.

Submitted January 11, 1949; decided April 14, 1949.

*John P. Lomenzo* for appellant. I. Full compliance with section 308 of the Code of Criminal Procedure is required by the courts. (*Johnson* v. *Zerbst,* 92 F. 2d 748; *People ex rel. Moore* v. *Hunt,* 258 App. Div. 24; *People* v. *McLaughlin,* 291 N. Y. 480; *People ex rel. Bernoff* v. *Jackson,* 184 Misc. 85; *Tomkins* v. *Missouri,* 323 U. S. 485; *Rice* v. *Olson,* 324 U. S. 786.) II. The constitutional and statutory provisions relative to the requirement that a court upon arraignment and prior to a plea advise and inform the accused of his right to the aid of counsel must be complied with fully, otherwise the court does not acquire jurisdiction and subsequent proceedings are void. (*Johnson* v. *Zerbst,* 92 F. 2d 748; *People* v. *McLaughlin,* 291 N. Y. 480.) III. A subsequent motion may be allowed if presented on a new set of facts and such motion may be made on such new facts and granted, although no relief to renew

has been obtained. (*Erie Ry. Co.* v. *Ramsey,* 45 N. Y. 637; *Riggs* v. *Pursell,* 74 N. Y. 370; *Webb* v. *Buckelew,* 82 N. Y. 555; *Matter of Tredwell,* 85 App. Div. 570; *Humboldt Exploration Co.* v. *Fritsch,* 150 App. Div. 90.) IV. While a motion once denied at a Special Term may not be renewed on the same papers, yet where the new motion is made on new facts, no leave to renew is necessary and a new motion may be made as a matter of right. (*De Lacy* v. *Kelly,* 147 App. Div. 37.)

*Daniel J. O'Mara, District Attorney* (*Anthony Miceli* of counsel), for respondent. I. The decision rendered on the previous application for a writ of error *coram nobis* is *res judicata* and the present motion was properly dismissed. (*Pray* v. *Hegeman,* 98 N. Y. 351.) II. Appellant has failed to meet the burden of overcoming the presumption of regularity which attaches to the two convictions questioned by a fair preponderance of the evidence. (*People ex rel. Kruger* v. *Hunt,* 257 App. Div. 917; *People ex rel. Asaro* v. *Morhous,* 268 App. Div. 1016; *People ex rel. Kennedy* v. *Hunt,* 257 App. Div. 1039; *Gayes* v. *New York,* 332 U. S. 145; *Commonwealth* v. *Harris,* 351 Pa. 325; *People* v. *Crispell,* 185 Misc. 800.) III. The recent case of *Gayes* v. *New York* (332 U. S. 145) determined that failure of appellant to take advantage of the provisions of law to contest any infirmities which are claimed to exist preclude appellant's obtaining that form of consideration in a writ of error *coram nobis.* (*People* v. *Gayes,* 190 Misc. 865.)

Dye, J. The petitioner-appellant here is presently confined in the Attica State Prison serving a sentence imposed by the Monroe County Court following his conviction as a second offender (Penal Law, § 1941). He has brought this proceeding in the nature of a writ of *coram nobis* to vacate and expunge from the records of the Monroe County Court two prior judgments of conviction, one filed January 15, 1936, and the other June 12, 1936, both following a plea of " guilty " to indictments for the crime of grand larceny, second degree. In support of his petition, he alleges that at the time of his arraignment he was then sixteen years of age and was not asked if he desired the aid of counsel and no counsel was assigned to him (Code Crim. Pro., § 188, 308); that he entered his plea of " guilty " in each instance in ignorance of his rights and protection

afforded by the State and Federal Constitutions (N. Y. Const., art. I, § 6; U. S. Const., 6th and 14th Amendts.) which statutory and constitutional rights he never waived or intended to waive.

Relief must be granted when the proof supports the allegations of irregularity. There is no question that compliance with the mandatory provisions of the statute and observance of the constitutional safeguards surrounding a fair trial is such a basic jurisdictional requirement that when absent, a conviction must be set aside. (*Johnson* v. *Zerbst,* 304 U. S. 458; *People* v. *McLaughlin,* 291 N. Y. 480.)

The petitioner so far has failed because the courts below have regarded his proof as insufficient to overcome the presumption of regularity attending judgments of conviction. This is the second time the petitioner has made application to the Monroe County Court for the relief herein sought. The first application was made July 10, 1944, based on the same supporting facts as are here alleged and was denied on the general ground of failure of proof. An appeal to the Appellate Division from such order of denial was later dismissed for failure to prosecute, which failure was no doubt due to the circumstance that at that time no authority existed for such an appeal. (Code Crim. Pro., § 517, as amd. by L. 1947, ch. 706; *People* v. *Gersewitz,* 294 N. Y. 163.)

In this, the second application, relief has again been denied because petitioner's proof was insufficient and for the further reason that the alleged new material consisting of affidavits of court attachés as to custom and practice of the court without connecting it to the arraignments now being challenged, had no probative value and did not justify reversal of the previous determination which it regarded as *res judicata.*

The lapse of time has placed the petitioner at a disadvantage. In the meantime the sentencing Judge has died and the stenographer's minutes are no longer available, presumably having been destroyed as authorized by law. There is, however, another element which may be considered. The Monroe County Court keeps as part of its routine administration, a permanent record of judgments of conviction on a printed form with appropriate blanks for the insertion of essential information. The forms used to record the within challenged judgments of conviction are the same and contain as part of the printed

material the following: " was asked if he desired the aid of counsel, to which he answered ————— ". In each instance the space allowed for his answer is blank. It is said this satisfies the statutory preliminary as to inquiry for the answer, even if " no " would not destroy the inference that he was asked whether he desired the aid of counsel. Such omission does not impress us that way. It is significant for the inquiry and, unless answered, is meaningless. The inquiry goes to the very essence of according due process. Without a definite answer, we cannot be sure that the question was asked and the inference normally attending regularity is open to doubt. It is in this connection that the affidavits of the attachés serving at the time of arraignment are offered as new material to show that it was the general practice of the court upon arraignment to ask the accused if he desired counsel only in the event he entered a plea of " not guilty ". These affidavits, while not incompetent, constitute in substance a mere expression of opinion and in the absence of any reference to the circumstances attending the arraignment of this petitioner have little or no evidentiary weight and must be disregarded except that the existence of such a practice is established by another and more reliable means. Here by a peculiar coincidence, the sentencing Judge expressed his view on this very question in an opinion rendered in a contemporary case where a conviction was challenged because had without benefit of counsel, he having been recorded as saying: " ' Doubtless this was true, as it has been [the] invariable custom to assign counsel only when the defendant pleaded *not guilty,* as, obviously, it is only upon a plea of *not guilty* that the defendant requires a defense.' " (*People ex rel. Moore* v. *Hunt,* 258 App. Div. 24, 26.) (Emphasis supplied.)

That such practice existed and was followed is not controverted by the People who merely say that it is not available to the defendant here because he has not connected it with certainty to his case. We recognize that there is a technical validity to such a view. However, when such practice is considered in the light of the present circumstances, including the unexplained omission appearing in the record of conviction, we think an inference is raised sufficient to rebut the presumption of regularity and shift back to the People the burden

of establishing compliance with the mandatory provision of the statute. The People offer no such affirmative proof but prefer to rely on the failure of the defendant-appellant to raise the alleged invalidity of his prior convictions at the time of his conviction and sentence as a second offender as constituting a waiver and forfeiture of such right. In support thereof our attention is called to the fact that at the time of his conviction and sentence as a second offender on June 17, 1938, for which he is presently confined, he was represented by counsel on arraignment and entered a plea of " not guilty ". Later he asked permission to withdraw such plea and to substitute a plea of " guilty ", which was allowed. When he appeared for sentence on the appointed day with counsel and was asked about the previous convictions, which are the ones now being challenged, he admitted that he was the same person so convicted and neither he nor his counsel made mention of the fact that such prior convictions were attended by any irregularity nor did he raise the issue of lack of due process.

In the first application for writ of *coram nobis* (1944) to set aside such convictions, the petitioner was represented by the same counsel as appeared for him at the time of his (1938) conviction and sentence as a second offender. The application, as we have seen, was denied. Such order of denial in the 1944 proceeding is not *res judicata* in the proceeding now under review. It is true leave was not obtained to renew the within motion which seeks the same relief as in the 1944 motion and is based on the same grounds except for the affidavits as to custom and practice. Ordinarily, a motion may not be renewed without first obtaining permission (*Mutual Life Ins. Co. of N. Y.* v. *160 East 72nd St. Corp.,* 272 App. Div. 48). This, however, is not an ordinary situation. It involves the petitioner's present liberty, of which he is being deprived, in reliance upon a void prior conviction. I am satisfied that had leave for renewal of the motion been asked it would have been granted because refusal to grant must have been deemed an abuse of discretion (Code Crim. Pro., § 517). It is also well established that waiver of such statutory and constitutional rights is occasioned only when the accused acts understandingly, competently and intelligently (*Rice* v. *Olson,* 324 U. S. 786), the valua-

tion of the competent evidence being for the court (*Hawk* v. *Olson*, 326 U. S. 271). In the face of the record, it cannot be said that the defendant's silence on the occasion of the 1938 conviction, constituted a waiver and forfeiture of his existing but unknown rights which accrued to him in 1936. Such prior convictions under the circumstances were a nullity and afforded no basis for sentence as a second offender. This view is not contrary to *Gayes* v. *New York* (332 U. S. 145), which was also a *coram nobis* proceeding based on almost identical facts and was reviewed by the United States Supreme Court under writ of certiorari (*Canizio* v. *New York*, 327 U. S. 82), there being at that time no right to appeal in the State court (*People* v. *Gersewitz, supra*; Code Crim. Pro., § 517). The denial was affirmed for the reason that having failed to raise the invalidity of the prior conviction when being sentenced as a second offender constituted a waiver so as to prevent the later assertion of a Federal constitutional right.

This does not prevent us from holding as a matter of State law that the defendant may at any time, by writ of *coram nobis*, attack the validity of a judgment of conviction that has been obtained contrary to statute and in violation of the protection afforded by the State and Federal Constitutions and that the time for so doing is not limited to raising the point when being sentenced thereafter as a second offender.

The orders should be reversed and the matter remitted to the Monroe County Court with directions to vacate and set aside the convictions of January 15, 1936, and June 12, 1936, and to take such further proceedings as may be necessary, not inconsistent with this opinion.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND and FULD, JJ.. concur.

Orders reversed, etc.