THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* CHARLES VARELLI, Defendant.

County Court, Kings County, December 6, 1949.

*Miles F. McDonald,* District Attorney (*David Diamond* of counsel), for plaintiff.

*Donato Di Palo* for defendant.

JOYCE, J. This is a motion in the nature of a writ of error *coram nobis* to vacate and set aside the judgment of conviction entered on the 28th day of May, 1924, and to vacate and set aside the plea of guilty entered by the defendant on the 19th day of May, 1924, and for an order directing that a hearing be had to inquire into the facts alleged in the petition of this defendant, and for such other and further relief as to the court may seem just and proper, on the ground that petitioner's statutory and constitutional rights were violated at the time the plea of guilty was entered and judgment of sentence was imposed.

The petitioner alleges that at the time of his plea of guilty he was but seventeen years of age and was ignorant of the provisions of the law in respect to what his rights were; that he was not asked if he desired the aid of counsel and that no counsel was assigned to represent him (Code Crim. Pro., §§ 188, 308); that he entered his plea of guilty in ignorance of his rights and the protection afforded by the State and Federal Constitutions (N. Y. Const., Art. I, § 6; U. S. Const., 6th and 14th Amendts.), which statutory and constitutional rights he never waived or intended to waive.

The sole problem to be determined, therefore, is whether this defendant was represented by counsel at the time of his conviction or at the time judgment of sentence was imposed, or if he was advised as to his rights to the aid of counsel as provided by law, or did he intelligently waive or intend to waive his rights thereto.

The motion is addressed to a plea of guilty and a judgment of sentence imposed over twenty-five years ago in this court. The objection on the ground of laches cannot prevail as in the *Matter of Bojinoff* v. *People* (299 N. Y. 145) it was held that an application for the relief sought under the circumstances as set forth in this petition can be made at any time.

The petitioner presently is confined in the New York State Prison at Auburn, New York.

An application for a hearing on this petition was granted with the consent of the District Attorney. He appeared with counsel and a hearing was accorded him on November 7, 1949. The petitioner testified that on the date of his arraignment on the instant indictment he was seventeen years of age; that when he appeared before the court he was without a lawyer; that he was not advised by the court, clerk of the court, or District Attorney as to his right to have the aid of counsel, nor was he

advised that if he had no means with which to employ counsel the court would assign counsel to represent him. If his contention is correct and proof is adduced to support his allegation, it is a serious matter and goes to the very essence of " according due process".. This is so whether or not he be guilty of the crime as charged in the indictment. On this motion the question of his guilt or innocence is not before the court.

It becomes necessary, therefore, in addition to considering the credibility of the petitioner and his interest in the outcome of this motion, to consider that more than twenty-five years have elapsed since his conviction. Succinctly put, the question presented is: Can the memory of one recall precisely what occurred on a particular occasion whether it be a week, month, year or twenty-five years ago? It is difficult to recall the day-to-day happenings of everyday life. Obviously it becomes a matter of grave speculation. However, mute testimony may provide the necessary corroboration. On cross-examination the petitioner testified that he recalled being arraigned and pleading guilty, but had no recollection of being advised as to his rights. He was shown four letters which he identified as being forwarded by him to the sentencing judge and they were admitted as exhibits. Two of these letters have no bearing on the issue. Two of them do, in my opinion. In the communication dated August 20, 1943, the petitioner advised the sentencing judge, among other things, that he was only seventeen years of age at the time of his arraignment, that he was ignorant of the law at that time, and he stated upon being sentenced the court failed to advise him as to his constitutional rights to aid of counsel. In the upper left hand corner of this letter is the notation " Answered 8/23/43 F.T." The letters " F.T." are the initials of the sentencing judge. This court has not been furnished with the original answer or a copy of it. This letter states that it was then for the first time that he became aware that his rights were violated and he used this means to convey his knowledge to the attention of the sentencing judge.

The petitioner on August 8, 1945, addressed another communication to the sentencing judge, in which he reiterated his claim that he was illegally sentenced based on constitutional grounds. He stated in this letter that he had engaged counsel to prepare motion papers in connection with his illegal conviction. His attorney sued out a writ of habeas corpus, and it was dismissed. Habeas corpus is not the proper procedural remedy for the relief herein sought, but a motion in the nature of a writ

of error *coram nobis,* as is now before this court, is a proper application. He stated further that he was about to have prepared another motion in an attempt to obtain relief and he asked the sentencing judge, "Shall I make my motion to you personally"? There is no notation on this letter such as was noted on the communication of August 20, 1943, that it was answered. However, a copy of a communication dated August 27, 1945, addressed to this petitioner and signed "secretary" was received as an exhibit, and the petitioner admitted having received the original of it. The copy discloses that an earlier communication was addressed to the petitioner and that earlier communication was an answer to the petitioner's letter of August 8, 1945, although a copy of the answer referred to is not now before this court. I will assume for the purpose of this motion that it was signed by the secretary to the sentencing judge. This exhibit contains the following: "Supplementing recent letter to you from this court, you are advised that the court records have been checked up in this case. You were represented upon arraignment by attorney Frederick J. Milligan * * * Mr. Milligan, your lawyer, pleaded you guilty on one indictment and not guilty on the other."

The only testimony received at the hearing was that of the petitioner. The sentencing judge has died, the clerk of the court at the time of the arraignment and sentence has passed away, and the attorney whose name was mentioned as representing him has long since passed away. To controvert the petitioner's application the District Attorney relies on the presumption of regularity, the records of the court and the credibility of the petitioner. In an application of this character the court is extremely cautious, as a just conclusion cannot be arrived at unless a careful examination and analysis is made of the court records and the credibility of the petitioner. We are dealing here with the liberty of an individual, who alleges that he was illegally convicted under our laws. The appellate courts have repeatedly held that relief must be granted when the proof supports the allegation of irregularity. In *Matter of Bojinoff* v. *People* (299 N. Y. 145, 149, *supra*) the court said: "There is no question that compliance with the mandatory * * * safeguards surrounding a fair trial is such a basic jurisdictional requirement that when absent, a conviction must be set aside. (*Johnson* v. *Zerbst,* 304 U. S. 458; *People* v. *McLaughlin,* 291 N. Y. 480.)"

There are two dates in the life of this petitioner that are important to him, May 19, 1924, and May 28, 1924. The court

will consider first, May 19, 1924, the date on which this indictment was filed by the Grand Jury, and the arraignment of the defendant when the plea of guilty was entered. I have examined the original indictment and there appears the following entry: " Pleads guilty to robbery first degree — May 19, 1924, TAY-LOR, J." On the reverse side of the indictment is printed a form of pedigree, the first line of which reads: " Counsel Assigned Yes No." It is logical to assume, if counsel had been assigned, the word " No " would be stricken out and you would look on the indictment for. an attorney's name; on the other hand, if the word " Yes " was stricken out, that no counsel was assigned. Manifestly the words " Counsel Assigned Yes — No " on the indictment were intended to have reference to the provisions of section 308 of the Code of Criminal Procedure. They were there to serve a useful purpose. Hence, in a hypothetical case, the arraignment of a defendant presupposes that if a defendant were advised of his rights and if he desired the aid of counsel, the court would assign counsel and the word " No " would be stricken out. However, there is nothing on the indictment that makes any reference to that. Following the reasoning in the *Bojinoff* case (*supra*) these words have significance, but only so, if there is some evidence that the defendant was apprised of the provisions of the statute in a manner that was understandable and intelligent. The petitioner testified that he has no recollection of being so advised, and there is nothing on the indictment stating that he was. If nothing was said to him as to what his rights were, he could not possibly waive something of which he had no knowledge. In this respect, the indictment stands mute and is meaningless on this question. The court examined the clerk's minutes of the arraignment of May 19, 1924, and it contains nothing in respect to the statute being complied with, nor is there any entry in the clerk's docket of a notice of appearance being filed by a lawyer, nor was one served upon the District Attorney.

The second date to be considered is May 28, 1924, the day of judgment of sentence. Here again there is no entry on the indictment and nothing appears in the clerk's minutes that the statute was complied with.

Under the circumstances related herein the inference is raised sufficient to rebut the presumption of regularity and shift back to the People the burden of establishing compliance with the mandatory provisions of the statute.

Lastly, there is one additional record that the court has examined — the report of the probation officer in this case. It was not received as an exhibit, but is a record of this court. If dehors the record, the court discovers evidence that may be competent or material or relevant that may be helpful to guide it along the path of substantial justice, it is its duty and obligation to consider it with all the other facts and circumstances. An examination of this probation report shows it to be a one-page report containing informational data concerning the defendant and the alleged crime prepared in typewritten form. On the face of the report is typewritten " *ATTY FRED MIL-LIGAN* ". This is the name mentioned in the copy of a communication dated August 27, 1945, and signed by a secretary and referred to as Frederick J. Milligan. The name "ATTY Fred Milligan " on the front of this report stands alone. There is absolutely nothing in this report that can be construed in the remotest manner that this lawyer represented this defendant. either on the date of the plea or sentence. The answer to this motion rests solely on what happened on either or both of the afore-mentioned dates.

From the examination of the court records of this case the only place where a lawyer's name appears is on a probation report. When it was placed there or who wrote it, I have no proof on this motion. The probation report makes no reference to the circumstances attending the taking of the plea or the sentence.

After examining the report and giving consideration to the testimony of the petitioner, and an examination of the exhibits and the records of the court, I have come to the conclusion that the petitioner at the time of his plea of guilty on this indictment was not represented by counsel, that he was not asked if he desired the aid of counsel and that no counsel was assigned to represent him; nor was he advised of his right to the aid of counsel at the time judgment was imposed, pursuant to the provisions of our statutes, State and Federal Constitutions.

The motion to vacate and set aside the judgment of conviction against this defendant entered May 28, 1924, in this court is granted; and the plea of guilty entered by him on May 19, 1924, in this court is vacated and set aside.

I further direct that the defendant be produced in this court on the 15th day of December, 1949, at 10 o'clock in the forenoon to be arraigned on this indictment.

Submit order accordingly.