THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* THEODORE HEMERLEIN, Also Known as JOSEPH ROLING, Defendant.

Court of General Sessions of County of New York, March 25, 1954.

*Florence M. Kelley* and *Milton Adler* for defendant.

*Frank S. Hogan, District Attorney* (*Paul A. Stone* of counsel), for plaintiff.

CAPOZZOLI, J. Petitioner moves for a writ of error *coram nobis* to set aside and vacate a judgment of conviction, entered on October 4, 1911, when he was about eighteen years old, for the crime of attempted burglary in the third degree, on the grounds that he had no counsel at the time he pleaded guilty to this crime and, further, that the plea was coerced by the court.

A hearing was held in this application, during which the petitioner testified and exhibits, consisting of stenographic minutes of the various proceedings conducted by the court in 1911, in connection with the aforesaid conviction, were admitted in evidence.

The court finds, from all the evidence adduced at the hearing, that the petitioner pleaded guilty, on September 21, 1911, to the crime of petit larceny, under an indictment charging him with burglary in the third degree and returned by the Grand Jury on the 18th day of August, 1911. On September 21, 1911, when the petitioner pleaded guilty to petit larceny, as above stated, he was represented by counsel, who was actually in court acting for him.

The court also finds that, after the petit larceny plea was entered by the petitioner, he was arraigned before the court for sentence, evidently on the same day on which the plea was taken. The court then registered reluctance at sending this petitioner to the penitentiary and indicated its desire for the petitioner to change his plea from a misdemeanor to a felony, so that he could be sent to the reformatory. This was not done by the petitioner and thereupon the court adjourned the sentence to September 26, 1911, to give petitioner time to think it over.

On the 26th day of September, 1911, the petitioner was again before the court for sentence with his counsel present and acting for him. Again the court asked that the petitioner change his plea from a misdemeanor to a felony, but it was not done. Thereupon the court once again put the sentence over saying: " Now, I will put you over there in the City Prison to think about this, and if you don't go to school I will sentence you to one year in the Penitentiary and to pay a fine of five hundred dollars each, and to stand committed one day for every dollar of the fine remaining unpaid. Now, think that over."

The petitioner next appeared before the court for sentence on the 3d day of October, 1911. This time he had no counsel appearing for him. Once again the petitioner did not change his plea, in spite of the court's insistence that it be done. This time the court used some more positive and pointed language, which is here

quoted: " I won't send you to the Penitentiary — I can't force you to do it, but if I send you to the Penitentiary, I will send you there for one year straight and fine you five hundred dollars each, and direct that you stand committed one day for every dollar of the fine remaining unpaid. That will make your stay there two years and a half. It is either that or the Reformatory."

The petitioner's sentence was put over until the following day, October 4, 1911. Again, when the petitioner was arraigned before the court for sentence, his lawyer was not present and no lawyer was appointed to act for him and to protect his interests. Yet, despite the absence of counsel and the inability of the petitioner to consult with counsel, the petitioner, acting by himself, withdrew his plea of guilty of petit larceny, a misdemeanor, and entered a plea of guilty to the crime of attempted burglary in the third degree, a felony, and was promptly sentenced to the reformatory, still without counsel.

The court sees no need to consider the claim of coercion, advanced by this petitioner. The court is satisfied, from all the evidence in the case, that this petitioner had no counsel when he changed his plea and this court does not believe that there was a conscious waiver by this defendant of his right to counsel. (*Johnson* v. *Zerbst*, 304 U. S. 458; *Matter of Bojinoff* v. *People*, 299 N. Y. 145.)

The People argue that the claim of no counsel is contrary to the proof. They rely, for this contention, on the fact that, concededly, the petitioner did have counsel when he entered the original misdemeanor plea and that the subsequent change of that plea to a felony was an unimportant part of the proceedings and the absence of counsel at that stage does not vitiate the proceedings. With this contention the court cannot agree.

It is obvious that if this petitioner ever needed a lawyer it was at the time when he finally withdrew his misdemeanor plea and entered the plea of guilty to a felony. Insisting that a defendant, without counsel and without advising him of his rights to counsel, change his plea from a misdemeanor to a felony, is in direct conflict with, and in violation of, his constitutional rights.

The court is compelled by precedent and justice to grant this motion. Accordingly, the conviction entered on October 4, 1911, and the sentence imposed thereon, are vacated and set aside. Enter order providing for the arraignment of petitioner to plead anew to the indictment of August 18, 1911.