■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE H. WINTERS, Appellant.— Appeal from an order of the Broome County Court which dismissed the petition of appellant for a writ of error *coram nobis* to set aside a judgment of conviction, upon a plea of guilty on January 5, 1939, for the crime of grand larceny, second degree. The ground of the application was that appellant was not represented by counsel, and advised of his right to counsel, when he was arraigned and pleaded guilty on the 5th day of January, 1939. He concedes that he was represented by counsel when sentence was imposed on January 9, 1939. The County Clerk's minutes on file in the Broome County Clerk's office show the following: "The People vs. George R. Winters. Indictment No. 472. Grand Larceny, 2nd degree. Filed Jan. 4, 1939. Harry S. Travis, Defendant's attorney. · The above-named defendant upon being arraigned this 5th day of January, 1939, pleads guilty to crime as charged in the indictment. Sentence is deferred until 10:00 A.M., Jan. 9, 1939, and defendant is remanded to Broome County jail. Minutes continued in Supplemental Court Minute Book No. 2, page 153." The criminal index card, also on file, also indicates that appellant was represented by counsel. Mr. Travis, whose name appears as counsel, stated in a letter, which is part of the record here, that he has no independent recollection of the matter but is of the opinion from the state of the records that he was present at both sessions. There is a presumption of regularity attending judgments of conviction, but where this presumption is challenged directly and there is no supporting evidence, documentary or otherwise, a prisoner is undoubtedly entitled to a hearing (*Matter of Bojinoff* v. *People*, 299 N. Y. 145; *People* v. *Richetti*, 302 N. Y. 290). Here there were official records conclusively supporting the presumption of regularity, and the court below was justified in granting the motion to dismiss the petition. Order unanimously affirmed. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.