Samuel J. Ohringer, M.
This defendant was indicted by the Grand Jury of the County of Bronx on September 24, 1957, charged with the crime of operating a motor vehicle while in an intoxicated condition after having previously been convicted of a similar crime, in violation of subdivision 5 of section 70 of the Vehicle and Traffic Law of the State of New York. The prior conviction was had in 1937 and is now being attacked in the present proceedings before this court. On December 21, 1957 this court made an order based on its decision of December 13, 1957, in which the court stated that the motion for a writ of error coram nobis was granted and a hearing set before the court on December 27, 1957.
It appears from the moving papers and from the testimony taken on the hearing that the defendant had been arrested on April 6, 1937 and charged with driving an automobile while in an intoxicated condition. That night in the station house the defendant was admitted to station house bail and he was thereafter arraigned on April 7,1937. The matter was then adjourned to April 15,1937, at which time the defendant proceeded to trial. The minutes of the entire proceedings, including the minutes of the trial and of the arraignment, were submitted to this court in support of the motion for a writ of error coram nobis.
The basis of the present motion is the claim by the defendant that in violation of his rights and particularly in violation of section 699 of the Code of Criminal Procedure, he had not been notified from the time of his arrest until after his conviction that he had a right to be represented by counsel at each and *1093 every stage of the proceedings and before any further proceedings were had; that he was also entitled to have an adjournment for the purpose of procuring counsel. While the original records of this court pertaining to this case were not available solely because, pursuant to the rules of the court papers were not kept after 10 years, there was available the stenographer (now retired), Mr. John J. Maguire, who acted as the reporter in 1937 in this ease. There was likewise available the original docket book of the court. It was because of these minutes which were presented on the argument of the motion that a hearing on the writ was granted. There is a presumption of regularity as to all court proceedings, but when substantial contrary evidence is produced, as in this case the original minutes, the presumption no longer existed and a hearing had to be had.
The Court of Appeals of this State has determined that a writ of error coram nobis will lie in the Court of Special Sessions and that all courts having original jurisdiction (Justices’ Court, Magistrates’ Courts, City Courts, etc.) have the power to entertain a writ of error coram nobis. (Matter of Hogan v. Court of General Sessions, 296 N. Y. 1, 5, 6, 9; Matter of Hogan v. Supreme Court, 295 N. Y. 92, 96; People v. Eastman, 306 N. Y. 658.) The trial of this case was held by the City Magistrate (now deceased) sitting as a Court of Special Sessions. The instant motion was addressed to the City Magistrates’ Courts sitting as a Court of Special Sessions without objection and with the consent of the defendant and the District Attorney. (N. Y. City Crim. Cts. Act, §§ 130, 131.)
This court has had in mind at all times the length of time that has elapsed since the conviction in 1937 until the present motion that was made by notice of motion dated November 30, 1957. As was stated in Matter of Bojinoff v. People (299 N. Y. 145, 152) by Judge Dye writing for the Court of Appeals: “ the defendant may at any time, by writ of coram nobis, attack the validity of a judgment of conviction that has been obtained contrary to statute and in violation of the protection afforded by the State and Federal Constitutions and that the time for so doing is not limited to raising the point when being sentenced thereafter as a second offender.”
The lapse of time cannot be deemed a waiver by the defendant of his right to initiate a motion by way of writ of error coram nobis to undo, in a proper case any alleged wrong that might have been done to him.
On this motion the court is concerned only with whether the defendant has been deprived of any of the rights granted to him by the statutes of our State and of the State and Federal Con *1094 stitutions so as to render his trial in which he represented himself, void. Has he been denied his day in court? If he has been, he should have it, even though he be guilty or innocent, truthful or lying, and even where it might appear that the freedom and right so granted to him will be abused. To deny anyone his rights would be a grave reproach to the administration of our system of law. A fair trial is a legal trial, or one conducted in all material things in substantial conformity with law (People v. Wolf, 183 N. Y. 464); and it is the duty of the court to comply with all procedural regulations.
A defendant must be cloaked with all legal safeguards and the courts must extend every effort to administer the law on the highest plane so as to safeguard the rights of all litigants.
The Fourteenth Amendment of the United States Constitution provides that no State shall deprive any person of life, liberty or property without due process of law. Section 6 of article I of the New York State Constitution provides that in all “ criminal cases ’’the accused shall have the right to appear and defend with counsel.
When a defendant claims that there has been a denial of his constitutional and stautory rights, his proof in substantiation of his claim must be clear and convincing. (Canizio v. New York, 327 U. S. 82.) In the present case this court is guiding itself solely by the written proof presented to it, namely, the minutes of the defendant’s arraignment and his subsequent trial in 1937. These minutes were certified as being correct by the stenographer who took them, and, in addition, substantiated by his attorney on the hearing that he had taken the minutes of the trial, that he had his original stenographic book with him, which was offered in evidence, and that the minutes presented to the court were true and correct in accordance with his original stenographic record. The record book of this court showed that the defendant had been arrested, had given bail in the station house, had appeared for arraignment and on an adjourned date, April 15, 1937, his case had been tried before Judge Mqgilesky and that he had been convicted and fined. In the column in the book headed by the words, “ Represented by Counsel,” no name appears. It was not necessary for this court to rely upon the credibility of any oral testimony of any witness. It has before it clear and convincing written evidence of the defendant’s claim. This claim was that he had not been fully advised of his right to be represented by counsel, and consequently had been deprived of his constitutional and statutory rights.
A series of pertinent adjudications have emerged since Johnson v. Zerbst (304 U. S. 458 [1938]), Upon arraignment the *1095 defendant must be asked if he desires the aid of counsel (Code Crim. Pro., § 699). Such an inquiry is a part of the judge’s primary ‘ ‘ duty ’ ’ to determine the need of counsel, a serious and weighty responsibility. (Glasser v. United States, 315 U. S. 60.) It is not necessary for the defendant to request counsel in order to evoke the discharge of that duty by the court. (Rice v. Olson, 324 U. S. 786, 788.) It is now the settled doctrine through many decisions that a defendant in all criminal cases is entitled to the aid of counsel at each and every stage of the proceedings and before any further proceedings are had. The deprivation of this right or the failure to give this admonition is properly the subject of a writ of error coram nobis. In addition to being-advised of his rights, the defendant must have reasonable time to send for counsel and the hearing or trial must be adjourned for such purpose.
The minutes of the trial of 1937 disclose the following:
“ By the, court : Mr. Defendant, do you prefer to go on with this case today or do you want an adjournment to get a lawyer or witnesses ?
‘ ‘ By defendant : I want it for today.
“ By the court: Do you desire to waive a trial in the Court of Special Sessions or do you desire the case in this court? Do you desire to have the case heard here ?
“ By defendant : Yes.
“ By the court: Or in the Court of Special Sessions?
'‘ By defendant : Here ’ ’.
On the hearing- the transcribed minutes were amended to insert the foregoing question by the court as to an adjournment to get a lawyer or witnesses, it appearing* on the hearing that the stenographer had inadvertently, in transcribing his original minutes, omitted to insert these words in the minutes that had been presented to the court.
At page 26 of the stenographer’s minutes, the following-colloquy between the court and the defendant appears:
“By court attendant: No previous record in City Magistrates’ Court.
‘ ‘ By defendant : My father went downstairs to get a lawyer.
“ By officer : His father arrived late.
‘' By the court : What does your father know about this case ?
‘ ‘ By defendant : Yes, he went to the ice route and he had to serve my route for me before he got down here.
“ By the court: Well, I asked you this morning, did I not, whether you wanted to postpone your case?
“ By defendant: I said that because I wasn’t guilty of being-drunk.
*1096 “By the court: One hundred dollars’ fine or ten days.
License revoked.
' ‘ By defendant : Can I wait until a lawyer comes ? Or have it reopened or something?
“ By the court: No, you will have to appeal the case.”
Did the query by the court to the defendant, ‘ ‘ Mr. Defendant, do you prefer to go on with this case today or do you want an adjournment to get a lawyer or witnesses? ” satisfy the proscription contained in section 699 of the Code of Criminal Procedure, which provides:
“ § 699. Magistrate to inform defendant of right to counsel; charge to be read to defendant, and he required to plead.
“1. In the cases in which the courts of special sessions or police courts have jurisdiction, when the defendant is brought before the magistrate, the magistrate must immediately inform him of the charge against him and of his right to the aid of counsel in every stage of the proceedings, and before any further proceedings are had.
“ 2. The magistrate must allow the defendant a reasonable time to send for counsel, and adjourn the proceedings for that purpose. Upon request of the defendant, the magistrate must require a peace officer to take a message to such counsel, within the town or city, as the defendant may name, and the officer must, without delay and without fee, perform that duty.
“3. If defendant require counsel, then immediately after the appearance of counsel or if none appear, after waiting a reasonable time therefor, and if defendant do not require counsel, then immediately the charge against the defendant must be distinctly read to him, and he must be required to plead thereto, except as otherwise provided by law in relation to violations of traffic laws, ordinances, rules and regulations.”
The present case arises out of a violation of the Vehicle and Traffic Law, and it is not a traffic violation but a crime, namely, a misdemeanor. Subdivision 29 of section 2 of the Vehicle and Traffic Law defining a traffic infraction states:
“ A‘ traffic infraction ’ is the violation of any provision of this chapter, or of any local law or ordinance governing or regulating traffic, where a penalty or other punishment is prescribed and which is not expressly declared by this chapter to be a misdemeanor or a felony.”
The Vehicle and Traffic Law specifically provides that a violation of subdivision 5 of section 70 relating to driving an automobile while in an intoxicated condition is a misdemeanor, consequently a crime as defined in section 2 of the Penal Law.
*1097 In People v. Marincic (2 N Y 2d 181, decided Jan. 10, 1957) Judge Desmond at page 184 made this pertinent statement of the applicable law: “ The statute necessarily means, to be effective at all, that the court must make it clear to a defendant (especially one of tender years) that her right is not only to have counsel if she so wishes but also to have all further proceedings postponed until she shall have consulted with counsel and taken his advice, etc.”
On the same page the court further observed: ‘' that a defendant is entitled not only to be informed of his right to counsel but to be given a real opportunity to get counsel and to take his advice and aid.”
This court is of the opinion that the record discloses that this defendant was not fully and properly informed of his rights as provided in section 699 of the Code of Criminal Procedure and that he should receive the relief asked for. Relief must be granted when the proof supports the allegations of irregularity. There is no question that compliance with the mandatory provisions of the statute and observance of the constitutional safeguards surrounding a fair trial is such a basic jurisdictional requirement that when absent a conviction must be set aside. There is no longer any doubt as to the scope and meaning of the provisions (Code Crim. Pro., § 699) and a failure to comply with them constitute a denial of a fundamental right. (Johnson v. Zerbst, 304 U. S. 458, supra-, People v. McLaughlin, 291 N. Y. 480; Matter of Bojinoff v. People, 299 N. Y. 145, supra.)
In the memorandum submitted to this court in opposition to the present motion, suggestion was made that there might have been a waiver by this defendant of his rights to proceed by this motion. The lapse of time in and of itself does not constitute a waiver. It is not to be construed to mean by this opinion that a defendant cannot waive his rights to counsel and to an adjournment and plead guilty or not guilty to the charges on his initial or subsequent appearance in court without counsel. The courts should be certain that the defendant, or the accused, has waived his rights by strictly following the requirements of a statutory waiver and the minutes of the hearing or trial should so indicate.
This court finds that the written evidence presented to it conclusively shows that this defendant was not fully apprised of his rights as provided for in section 699 of the Code of Criminal Procedure and his motion for a writ of error coram nobis and the relief asked for in such motion is granted.