■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH MORANDI, Appellant.— Appeal from an order of the County Court of Albany County entered April 27, 1959, which denied, without a hearing, an application by defendant in the nature of a writ of error *coram nobis* for an order setting aside a judgment of said court rendered February 13, 1924, convicting defendant of the crime of forgery upon his plea of guilty. Defendant alleges in support of his application that he was not represented by counsel nor advised of his right thereto; that his plea of guilty was the result of coercion by the District Attorney; that such plea was also induced by an agreement by the District Attorney that sentence would be suspended and defendant returned to Connecticut as a parole violator; but that, instead, defendant was sentenced to imprisonment and committed to Clinton Prison. The present application was opposed by the affidavit of an Assistant District Attorney that a prior application, stated categorically to have been "based on the same grounds", had been denied in 1952. The papers constituting the prior application were not submitted in support of the District Attorney's contention, as good practice would seem to require. The County Judge in an opinion stated the grounds of the denial of the present application as follows: "In 1952 this Petitioner brought an identical proceeding in this Court, setting forth the same grounds for relief as are now being urged by him. In a written opinion, dated March 25, 1952, this Court stated that the records herein sufficiently indicate that the Defendant was represented by Thomas F. O'Neill, Esq. Apparently no appeal was taken from the order of this Court entered thereupon on April 16, 1952. No new matter being alleged now, there is no basis for a reconsideration of the proceedings." The prior order is not *res judicata* in this proceeding. (*Matter of Bojinoff* v. *People,* 299 N. Y. 145, 151; *People* v. *Marra,* 1 A D 2d 545.) We recognize the burden upon courts and prosecutors alike of repeated applications upon a ground once shown devoid of merit. This case does not, however, impress us as one in which we should seek to impose whatever remedial authority may exist. The prior application was also denied without a hearing and "the records" which the court's present opinion refers to as having then indicated defendant's representation by counsel would seem (as appears by the court's written opinion in 1952) to have been papers from the District Attorney's files. There is no indication that defendant had an opportunity to controvert this evidence, whatever it was, and, in fact, the 1952 order of denial recites as submitted in opposition to the application only the affidavit of an Assistant District Attorney. (See *People* v. *Guariglia,* 303 N. Y. 338, 343; *People* v. *Reilly,* 5 A D 2d 1035.) Finally, the 1952 order of denial, and the 1952 and 1959 opinions as well, seem to negate any suggestion that the present grounds of coercion and false promises were alleged in the 1952 application. Order reversed and proceeding remitted to the County Court for hearing. Foster, P. J., Bergan, Coon, Gibson and Herlihy, JJ., concur.