Felix J. Aulisi, J.
The defendant was indicted, arraigned, allowed to plead guilty to burglary, third degree, and sentenced, all on October 5, 1928, in Supreme Court, Clinton County. He was then 17 years of age, and after being released from the Elmira Reformatory where he had been committed, he again ran afoul of the law, was convicted and sentenced as a multiple felony offender.
In this proceeding he seeks to vacate and annul the October 5,1928 conviction on two grounds— (1) that he was not advised of his right to counsel and (2) that he was lulled into pleading guilty by the remarks of the District Attorney.
The record before me indicates that he has made at least six prior applications. It is my opinion that he has had his day in court on his claim that he did not have counsel. The first proceeding by nature of habeas corpus was initiated by the defendant in July, 1942 in the Wyoming County Court while he was confined in the Attica State Prison. That court granted him a trial on the merits. The defendant was present in person, testimony was taken from him and other witnesses concerning the validity of the October 5, 1928 Clinton County conviction.
Following the trial, the County Court dismissed the application on the merits and this decision wras affirmed by the Appellate Division, Fourth Department (People ex rel. Carr v. Hunt, 266 App. Div. 712). A similar application made to the Bronx County Court in 1947 was denied for lack of jurisdiction. This was followed by a series of applications for a writ of error coram nobis upon the same ground to the Supreme Court, Clinton County. All of these were denied and no appeal was taken from the order of dismissal. I cannot now review the prior decisions of this court and make a new determination. Moreover, I am satisfied that the Wyoming County Court proceeding, although perhaps technically erroneous in form, decided the issue on the merits and the Appellate Division so found when it affirmed.
As to the first claim, I, therefore, conclude that the defendant has been accorded his constitutional rights. However, I feel otherwise as to his contention that he was misled by the District Attorney’s representations relative to his plea of guilty. This claim is being asserted for the first time and it is my belief that the defendant is entitled to a hearing on this issue in order *895 to satisfy the requirements of due process (People v. Richetti, 302 N. Y. 290).
This application involves the defendant’s liberty and the time for attacking a prior conviction cannot be limited or denied where a new set of facts is presented. Failure to renew a prior application does not prevent us from holding as a matter of State law that the defendant may at any time, by writ of error coram nobis, attack the validity of a judgment of conviction that has been obtained contrary to statute and in violation of the State and Federal Constitutions (Matter of Bojinoff v. People, 299 N. Y. 145; People v. Marra, 1 A D 2d 545).
A defendant must be afforded the opportunity to appear before a competent tribunal, assert his rights and be heard on proof that he was defrauded or coerced into pleading guilty to a crime (Matter of Lyons v. Goldstein, 290 N. Y. 19). It is only when the record conclusively demonstrates the falsity of the allegations and there is no reasonable probability at all that defendant’s averments are true that a hearing will be denied (People v. Guariglia, 303 N. Y. 338; People v. White, 309 N. Y. 636; People v. Morandi, 9 AD 2d 974).
In cases of this type, courts are prone to be liberal in granting the defendant an opportunity to be heard. From the record before me, it does not appear that as a matter of law there is no reasonable probability at all that the defendant’s averments are true.
It is my conclusion, therefore, that the writ of error coram nobis should issue and that a hearing on the issue of the representations made by the District Attorney at the time of the defendant’s plea be held at the Clinton County Courthouse in the City of Plattsburgh, N. Y., on the 7th of May, 1960, at 9:00 a.m. An order may be submitted accordingly.