THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CLARENCE STANLEY BAUM, Appellant.— Order unanimously affirmed. (Appeal from order of Onondaga County Court denying a motion to vacate a judgment of conviction on October 18, 1956, without a hearing.) Present — Williams, P. J., Bastow, Goldman, Halpern and McClusky, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BENNIE JACKSON, Appellant.—

Memorandum: This proceeding originated in *coram nobis*. Defendant contended that at the time that he pleaded guilty to two counts of an indictment charging grand larceny that " he was not advised of his Rights to counsel " and that " he did not intelligently or competently waived [*sic*] his Right to counsel." Upon the return date it appeared that the sentencing court had accepted pleas to two mutually exclusive counts of the indictment and that defendant had been sentenced improperly, and the County Judge, of his own volition, vacated the judgment of conviction and directed that defendant be resentenced. When defendant appeared for resentence, the court arbitrarily sentenced him on the first count of the indictment and dismissed the second count. At that time defendant asked for a lawyer and his request was refused even though, because there appeared to have been confusion on the original arraignment, the District Attorney suggested that counsel be assigned to enable him to fully present " what appears to be a complicated legal question." The transcript of the proceedings on the original arraignment reveals that there was a very serious question as to whether defendant was adequately advised of his right to counsel, whether he understood that right and whether he intended to waive it. Furthermore, as aforesaid, an improper plea was accepted and an improper sentence pronounced. The defendant is entitled to a hearing upon the questions presented in the *coram nobis* proceeding, at which hearing he should be assigned counsel if requested by him. (See *Matter of Bojinoff* v. *People*, 299 N. Y. 145.) (Appeal from judgment of resentence of Monroe County Court which resentenced defendant as a second felony offender *nunc pro tunc* as of May 16, 1950.) Present — Williams, P. J., Bastow, Goldman, Halpern and McClusky, JJ.