John M. Keane, J.
This proceeding is in the nature of a writ of error coram nobis and was decided upon the pleadings.
By a petition dated November 19, 1954, a previous application for a writ of error coram nobis was made by the petitioner upon the ground that (1) he should have been represented by counsel at the time of his arraignment, and (2) that the four sentences under the first indictment should run concurrently and not consecutively. The Appellate Division on November 16, 1955, in a decision (286 App. Div. 1130), aErmed the denial of said application made by this court.
The Appellate Division pointed out that the defendant did not assert that he was not advised of his right to counsel. The decision also mentioned that petitioner did not assert facts to show he lacked any understanding of the proceedings.
The defendant in his present petition now contends that he did not ‘1 competently, intelligently, understandingly nor vol *796 untarily waive counsel on November 19, 1947.” He also contends that the court did not explain that counsel would be assigned if he were without funds. There is also a further contention about the lack of explanation concerning eligibility for parole for the sentences which he received.
Thus petitioner seeks relief on the two bases mentioned by the Appellate Division in its decision, namely, that ‘ ‘ Appellant does not assert that he was not advised of his right to counsel ”; secondly, that ‘ ‘ Appellant does not # * * assert facts to show that he lacked any understanding of the proceedings (p. 1131).”
The records of this court show that petitioner ‘ ‘ was asked by the Court whether or not he had an attorney or desired counsel and was informed that he was entitled to the benefit of counsel at all stages of this proceeding. The defendant replied that he had no attorney and waived his right to counsel ” (quotation from the court minutes). The petitioner seeks to put in issue the records of this court.
If the records of this court were in a less complete form, there would be justification to take testimony on this matter. This is not similar to the situation that existed in Matter of Bojinoff v. People (299 N. Y. 145 [1949]) and in People v. Richetti (302 N. Y. 290 [1951]), where blank spaces on the printed forms then used in the court of original jurisdiction were incomplete. There are no gaps in the records of this court. The language and rationale of both the Bojinoff and Richetti cases indicate that where the record is in such condition that further testimony would be required to make it complete, then a defendant is entitled to a hearing on the questions raised concerning those gaps.
Although petitioner states that he did not “ competently, intelligently, understanding^ nor voluntarily waive counsel on Nov. 19,1947,” no facts are alleged in his petition upon which such a conclusion can be drawn. (See People v. Drake, 15 N Y 2d 626 [1964].)
The petitioner was not before a court on a criminal charge for the first time when he pleaded guilty to the four counts of the indictment for which he is presently under sentence. The court records indicate that defendant had served sentences on four different occasions for misdemeanors. He was not 16 years old as was the defendant in the Bojinoff case (supra), nor 17 years old as was the defendant in the Richetti case (supra). On the contrary, he was 27 years old and married.
When a citizen is deprived of his liberty, the courts of this State have long listened attentively and patiently to petitions *797 for relief from imprisonment. While hope is eternal, in the mortal affairs of man all things do eventually terminate. The orderly processes of the law envision a finality to proceedings whose regularity has been established.
An affidavit submitted in answer to the present application by the District Attorney states that subsequent to the first application made in 1954, this petitioner applied to this court on January 20,1956, on a motion to correct his sentence; to the Wyoming County Court on June 7, 1957, for a writ of habeas corpus; to this court on March 2, 1960, for a writ of error coram nobis-, and to the Wyoming County Court on April 11, 1958, for a writ of habeas corpus, all of said applications having been denied. The affidavit further states that application was made to the Federal Court for the Western District of New York and a finding was made February 4,1962, that defendant had ‘ ‘ knowingly and voluntarily waived the right of counsel on the occasion of his arraignment and sentence.” Sometime there should be an end to such similar applications.
Finally, petitioner seeks support from the now famous decision of Gideon v. Wainwright (372 U. S. 335 [1963]). This court will not rely on the completely different factual situations between the trial in the Gideon case and petitioner’s plea of guilty. This court is aware of the spirit of the Gideon decision. So, too, is the New York Legislature which enacted chapter 878 of the Laws of 1965. There have been situations in the past where rights have been infringed. However, representation is not synonymous with acquittal. Able counsel can protect the rights of his client but he cannot undo any factual situation in which his client has been implicated. Counsel was not denied the petitioner. He waived benefit of counsel. Therefore, the doctrine of Gideon v. Wainwright does not help this petitioner at this time.
Upon the papers submitted the petition is dismissed without a hearing.