■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES TOLAND, JR., Appellant.— REYNOLDS, J.  Appeal from an order of the Supreme Court, Schenectady County, denying appellant's application for an order to set aside a judgment of conviction, without a hearing.  We find no merit in appellant's contention that there was a failure to comply with sections 333 and 334 of the Code of Criminal Procedure requiring the setting aside of the judgment of conviction.  Nor do we find any merit in the additional contentions raised by appellant and, accordingly, the order appealed from should be affirmed.  Order affirmed.  Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Reynolds, J.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THEODORE HUNT, Appellant.— SWEENEY, J.  Appeal from an order of the County Court of St. Lawrence County which denied, without a hearing, appellant's application for a writ of error coram nobis.  Appellant raises substantially the same issue, based upon statements made by him at the time of his plea and sentencing which he alleges should have put the court on notice that no crime had been committed, as was raised previously (31 A D 2d 846 and 33 A D 2d 733).  Appellant further alleges that he was not represented at his sentencing and contends he did not waive his right to an attorney.  Defendant's claim is conclusively refuted by the minutes of the sentence proceeding.  They clearly establish that appellant was thoroughly apprised of his rights, knew and understood what the court was talking about, had been advised by his retained counsel on the day of sentencing, and acted " understandingly, competently and intelligently " when he waived his right to the aid of counsel. (Matter of Bojinoff v. People, 299 N. Y. 145, 151–152; People v. Bodie, 16 N Y 2d 275; People v. Briggs, 28 A D 2d 1204.)  Order affirmed.  Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Sweeney, J.