Frank R. Bayger, J.
This is a motion to suppress a statement given to the police by the defendant. There is no question that the defendant was given the Miranda rights before the officers questioned him. He said he understood these rights prior to giving his statement to the officers. The question presented is whether he had the mental capacity to waive his right, and if he does not, whether he does have the requisite mental capacity to stand trial.
The testimony and reports of the doctors indicate that the capacity of the defendant was that of a moderately retarded young adult. It appears that words used in the Miranda warning such as “rights”, “ represent ”, etc. are outside of his comprehension since they are representative of abstract ideas. The defendant is unable to reason in the abstract and can comprehend only simple facts. It is doubtful that he realized the implication of his arrest or of the content of the warnings. Since he has no idea of the function of a lawyer in protecting him, he, in fact, has no ability to waive his right to have one. He did not comprehend that the information given by him could be used against him. Being in the custody of police who represented authority to him, it is doubtful he understood that he did not have to give a statement. The defendant was accompanied by two friends, who supposedly helped interpret the Miranda warnings for him, but this testimony established they merely counseled him to tell the truth. Their explanation was in fact no better than the police’s.
A low mentality of 83 I. Q. is sufficient to show a waiver is not completely and intelligently made. (People v. Drake, 26 A D 2d 729.) Similarly an individual with an I. Q. of 68 is unable to intelligently waive his constitutional rights. (Peo *150 ple v. Randolph, 58 Misc 2d 167.) The defendant here has a lower I. Q. than either of the defendants in the above cases and was unable to comprehend the consequences of his actions.
Therefore, this court holds that the defendant did not intelligently waive his' rights under the Miranda rule and the defendant’s statement is suppressed.
There follows from this decision the question of his capacity to stand trial. The test applied in determining competency to stand trial is not the same as that applied to ascertain his competency to intelligently waive his rights.
It appears that the defendant has the ability to differentiate right from wrong and to comprehend concrete things. Although he will not comprehend such notions as burden of proof or presumption of innocence, he will understand the testimony given and the function of the Judge and the jury. The proceedings will not make sense to him unless explained in a manner he can understand, but given the time to do this, he will be capable of assisting in his defense and standing trial.
The capacity to stand trial requires an understanding of the charge against him, which the defendant does, and an ability to participate in his defense. The defendant has been in custody for a year and during that time he has been able to comprehend the situation he is in. He can communicate with his attorney and upon proper explanation he will understand the basics of the proceedings. His presence will permit him to be able to relate what is being told him as to the activity going on. It will not require him to form conceptual ideas which he cannot do. The court and his attorney will safeguard his rights.
In light of these facts this court finds as a matter of law that the defendant could not knowingly waive his Miranda rights and suppresses any evidence garnered as a result of that waiver. It is further found the defendant possesses sufficient intelligence to stand trial.