THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* WILLIAM WURZLER, Appellant.

Argued January 11, 1950; decided March 2, 1950.

*N. Jansen Fowler* for appellant.

*Robert O. Brink, District Attorney* (*Samuel W. Bernstein* of counsel), for respondent.

*Per Curiam.* Defendant was convicted in 1939, in the County Court of Broome County, upon a plea of guilty, of the crime of grand larceny in the first degree. Four years later he moved,

by a *coram nobis* application in that court, to set aside the judgment of conviction. The county judge, disqualified from presiding because he had been district attorney when defendant was convicted, transferred the motion to the Supreme Court, and that court denied it. In 1947, defendant instituted another *coram nobis* proceeding and the county judge again transferred the matter to the Supreme Court. On this occasion, the Supreme Court justice, ascertaining that the facts asserted and that the ground relied upon were substantially the same as those previously alleged, dismissed the motion, and the Appellate Division unanimously affirmed.

The application should not have been transferred to the Supreme Court for, as we have repeatedly held, it is only the court where a defendant is tried and convicted that possesses the power to hear and decide a motion in the nature of a writ of error *coram nobis*. (See *People* v. *McCullough*, 300 N. Y. 107, 110; *People* v. *Gersewitz*, 294 N. Y. 163, 167; *Matter of Morhous* v. *New York Supreme Court*, 293 N. Y. 131, 136, 140.) When the county judge found himself unable to pass upon it, he should have requested and obtained a county judge of another county to act in his place (Code Crim. Pro., § 44).

What we have said leads, without more, to a reversal. Since the motion for *coram nobis* has never been heard by the only tribunal having jurisdiction in the first instance to entertain it, consideration of its merits is, of course, beyond our power.

The orders should be reversed and the matter remitted to the County Court of Broome County for further proceedings not inconsistent with this opinion.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ., concur.

Orders reversed, etc.