THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM WURZLER, Appellant.— Defendant has appealed from an order of the Broome County Court denying his application in a *coram nobis* proceeding to vacate and set aside a judgment convicting him of the crime of grand larceny in the first degree. Defendant was indicted on March 13, 1939, by the Grand Jury of Broome County charging him with the crimes of robbery in the first degree and grand larceny in the first degree. He was permitted to plead guilty to the crime of grand larceny in the first degree on the 20th day of April, 1939. On his arraignment it developed that he had been convicted of the crime of robbery in the second degree in Kings County on November 4, 1932, and was sentenced to Sing Sing Prison for an indeterminate period of seven and one-half to fifteen years. On the indictment to which he pleaded guilty he was sentenced to Attica

State Prison under an indeterminate sentence of ten to twenty years. About January 15, 1947, defendant instituted a proceeding to set aside the judgment of conviction and to dismiss the indictment on the ground that his conviction was obtained through fraud, and also that the evidence was insufficient to warrant a conviction for the crime of grand larceny in the first degree. This proceeding was held before a Justice of the Supreme Court who denied the application. Thereafter the order was affirmed by this court (275 App. Div. 886) but was subsequently reversed by the Court of Appeals on the ground that the motion in the nature of *coram nobis* had never been heard by a tribunal having jurisdiction (300 N. Y. 344). As a result, the application was transferred to Judge BARNES as Acting County Judge of Broome County. The County Court denied the application and from that order an appeal has been taken to this court. There is no proof in the record before us to warrant the conclusion that defendant was induced to plead guilty by any fraud practiced upon him. Defendant is now asking the court to determine whether or not the evidence before the Broome County Grand Jury was sufficient to warrant an indictment for grand larceny. The question of the sufficiency of that evidence is not open to inquiry in this court on the present application. An attack on the sufficiency of such evidence cannot be made long after sentence had been pronounced upon the defendant's plea of guilty. A motion to dismiss an indictment based on insufficient evidence must be made before conviction. Order appealed from unanimously affirmed. Present — Foster, P. J., Heffernan, Brewster, Bergan and Coon, JJ.