THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* MANLEY BLAKESLEE, Appellant.

Argued January 14, 1955; decided March 10, 1955.

290

*Floyd J. Reinhart* for appellant. I. The evidence to convict defendant of the crime of book-making in violation of section 986 of the Penal Law was insufficient. (*People* v. *McDonald,* 177 App. Div. 806; *People ex rel. Collins* v. *McLaughlin,* 128 App. Div. 599; *People* v. *Lambrix,* 204 N. Y. 261.) II. The District Attorney committed a reversible error by an improper question to the complaining witness. (*People* v. *Marshall,* 306 N. Y. 223; *People* v. *Carborano,* 301 N. Y. 39; *People* v. *Robinson,* 273 N. Y. 438; *People* v. *Posner,* 273 N. Y. 184; *People* v. *Tassiello,* 300 N. Y. 425.) III. The court erred in its charge to the jury. IV. The sentence was excessive.

*Allen H. Pulsifer, District Attorney,* for respondent. I. Amendment of the information as to time is authorized by sections 293 and 62 of the Code of Criminal Procedure. (*People* v. *Easton,* 307 N. Y. 336.) II. The evidence was amply sufficient to sustain the conviction of book-making under section 986 in its

present form. (*People* v. *Carpenito,* 292 N. Y. 498; *People* v. *Cohen,* 307 N. Y. 712; *People* v. *Laude,* 81 Misc. 256; *People* v. *McDonald,* 177 App. Div. 806; *People ex rel. Collins* v. *McLaughlin,* 128 App. Div. 599; *People* v. *Lambrix,* 204 N. Y. 261; *People* v. *Goldstein,* 295 N. Y. 61; *People* v. *Sloane,* 230 N. Y. 529.) III. An isolated, unanswered question cannot constitute reversible error. (*People* v. *Tassiello,* 300 N. Y. 425; *People* v. *Carborano,* 301 N. Y. 39; *People* v. *Robinson,* 273 N. Y. 438; *People* v. *Posner,* 273 N. Y. 184; *People* v. *Marshall,* 306 N. Y. 223.) IV. The court's charge was proper and correct. (*People* v. *Shannon,* 87 App. Div. 32.) V. The sentence was not excessive, particularly in view of defendant's conviction of the same crime in the same court less than two years previously. (*People* v. *Gross,* 304 N. Y. 789; *People* v. *Erickson,* 302 N. Y. 461; *People* v. *Bianco,* 281 App. Div. 690.) VI. The appeal from the Recorder's Court of the City of Johnstown, a Court of Special Sessions, to Fulton County Court was properly transferred by an order of the County Court to the Supreme Court, Fulton County, where the appeal was argued and determined, the County Judge having disqualified himself to hear the appeal. (*Matter of Steinway,* 159 N. Y. 250; *De Hart* v. *Hatch,* 3 Hun 375; *People ex rel. Swift* v. *Luce,* 204 N. Y. 478; *Matter of Malloy,* 278 N. Y. 429; *Barone* v. *Aetna Life Ins. Co.,* 260 N. Y. 410; *People* v. *Ruttles,* 172 Misc. 306; *Matter of Schneider* v. *Aulisi,* 307 N. Y. 376; *Pietraroia* v. *New Jersey & H. R. Ry. & Ferry Co.,* 197 N. Y. 434; *People* v. *Trezza,* 128 N. Y. 529; *People* v. *Gersewitz,* 294 N. Y. 163; *People* v. *Wurzler,* 300 N. Y. 344.)

Burke, J. Appellant was convicted of the crime of bookmaking (Penal Law, § 986) upon a jury's verdict of guilty in the Recorder's Court of the City of Johnstown sitting as a Court of Special Sessions (Code Crim. Pro., § 63). An appeal was taken to the County Court of Fulton County pursuant to section 520 of the Code of Criminal Procedure (now § 517, as amd. by L. 1954, ch. 806). The County Judge disqualified himself because of prior civil litigation between himself and the defendant, and transferred the appeal to the Supreme Court, Fulton County, pursuant to section 44 of the Code of Criminal Procedure. The Supreme Court affirmed the conviction and an appeal to this court was allowed by the Chief Judge of the Court of Appeals. (Code Crim. Pro., § 520.)

Among other assignments of error, appellant contended that the evidence, consisting of some forty-four telephone conversations intercepted and transcribed pursuant to a wire-tap order granted by a justice of the Supreme Court, was insufficient to sustain the verdict. The nature and contents of the conversations, properly identified by competent witnesses, were sufficient to sustain a verdict of guilty beyond a reasonable doubt.

In the Court of Appeals, appellant contended that the affirmance of the conviction by the Supreme Court was void since only an appeal to the County Court is authorized by statute. (Code Crim. Pro., § 520, now § 517). This contention is without merit since section 44 of the Code of Criminal Procedure authorizes the County Court to transfer " any criminal action or proceeding " to the Supreme Court if the County Judge is for any reason incapable of acting in the cause. The phrase " having jurisdiction of such an action or proceeding " does not limit the application of the section insofar as the Supreme Court is concerned since the latter court is invested with State-wide jurisdiction. The phrase was originally a territorial limitation on the old city courts and was retained in the section by oversight when the phrase " or to a city court " was deleted from the section by chapter 255 of the Laws of 1941.

*People* v. *Wurzler* (300 N. Y. 344) is not applicable. There the County Court, in which the appellant had been convicted, transferred a *coram nobis* proceeding to the Supreme Court because of the disqualification of the County Judge. This court, in reversing and remanding the matter to the County Court, held that " it is only the court where a defendant is tried and convicted that possesses the power to hear and decide a motion in the nature of a writ of error *coram nobis.*" No such limitation exists as to appeals since the Legislature, subject to constitutional limitations, has broad power to confer appellate jurisdiction.

The judgment should be affirmed.

Conway, Ch. J., Desmond, Dye, Fuld, Froessel and Van Voorhis, JJ., concur.

Judgment affirmed.