■ KENNETH VAN LOAN, Respondent, v. ANNA M. HORICK, Appellant.— Appeal from an order of County Court, Albany County. Plaintiff sued defendant in the City Court of Albany for breach of contract to pay a broker's commission of 5% on the sale of real property. Judgment of $755 was entered by default. The judgment having been docketed in the County Court, defendant moved that court to open the default. This motion was granted and the judgment vacated; but the case was sent back to the City Court under certain limitations as to the inquiry to be pursued. It was remitted " for the sole purpose of passing upon the agreement between plaintiff and defendant concerning commissions and the person responsible for the payment thereof ". This limitation seems to have been imposed because of the argument pursued by the attorney for appellant in the County Court to the effect that this was the only issue. On the new trial the City Court, required as it was to follow literally the limitation imposed on the scope of the inquiry by the order of remission from the County Court, carefully limited the issue to the nature of the ·agreement between the parties. It found for the plaintiff and reinstated the original default judgment. We think that after the default had been vacated the preferred practice would be to have placed the parties in the position in which they were before default; and that a plenary trial should have been allowed in the City Court upon all the issues which either party sought to raise by appropriate pleading. Ordinarily these issues would be whether the defendant had agreed to pay plaintiff a commission and whether plaintiff had produced a buyer ready and able to meet the terms of sale at which the property had been listed. On those issues we express no view on the merits. We appreciate that the limitation imposed by the County Court followed the argument of the appellant there; but the result has been a disjointed trial and an unsatisfactory examination of the issues. Order reversed on the law and facts, and the action remitted to the City Court for a new trial, with costs to abide the event. Foster, P. J., Bergan, Coon, Zeller and Gibson, JJ., concur. [See *post*, p. 716.]

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANK VISOHI, Appellant.— Appeal from an order of the County Court of Chenango County at Special Term denying defendant's motion, upon an application in the nature of *coram nobis*, to vacate his sentence as a second offender. On November 25, 1940, in the County Court of Chenango County, upon conviction of the crime of burglary in the third degree, appellant was sentenced to imprisonment as a second felony offender. The claimed previous felony conviction was in the County Court of Oneida County in 1935, upon a charge of grand larceny in the first degree, and resulted in appellant's commitment to the Institution for Male Mental Defective Delinquents at Napanoch. Appellant contends that his plea of guilty in Oneida County and his commitment to Napanoch did not constitute a prior conviction within the meaning of section 1941 of the Penal Law. His contention is untenable. (*People ex rel. Mucciolo* v. *Snyder*, 295 N. Y. 866.) If the commitment to the institution at Napanoch was improper or defective, appellant's remedy must be pursued in the County Court of Oneida County and his application was not properly made in Chenango County. (*People* v. *Wurzler*, 300 N. Y. 344.) Order unanimously affirmed. Present — Foster, P. J., Bergan, Coon, Zeller and Gibson, JJ.