■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALBERT V. COLE, Appellant.— Appeal from an order of the Supreme Court, Rensselaer County, dated the 7th of April, 1952, denying the motion of the defendant to vacate and set aside a judgment of conviction of the defendant-appellant herein and directing that he be remanded to the custody of the Warden of Clinton Prison, Dannemora, New York. The order was made following the hearing of a writ of error *coram nobis*, it being the contention of the defendant that the indictment charging him with grand larceny in the first degree was not founded upon legally sufficient evidence that the defendant had actually committed the crime as charged. The indictment in question reads as follows: "The Grand Jury of the County of Rensselaer, by this indictment, accuse Albert V. Cole of the crime of Grand Larceny in the First Degree, committed as follows: The said Albert V. Cole on or about the 3rd day of September, 1946, at the City of Troy, in the County of Rensselaer, did for his own profit, use and purpose and without the consent of Dr. Caleb H. Bird, the owner thereof, take, use and operate and cause to be taken, used and operated a motor vehicle, to-wit:—a Ford coupe automobile of the value of Nine Hundred Dollars thereby stealing the same, contrary to sections 1290 and 1293a of the Penal Law of the State of New York. EARLE J. WILEY District Attorney of the County of Rensselaer". It will be noted from reading the above indictment that there is no allegation therein that said automobile was thereafter sold and that the defendant received any proceeds from the sale of said automobile nor is there any charge of conspiracy in accordance with sections 580–583 of the Penal Law to associate the said defendant with any co-conspirator. Defendant-appellant raises a question that the indictment refers to sections 1290 and 1293-a of the Penal Law of the State of New York and that these two sections are inconsistent because the act is a crime under section 1293-a only if the circumstances do not constitute larceny under section 1290 and cites *People* v. *Ramistella* (306 N. Y. 379, 385). This case has no application. There, the defendant was charged in separate counts in the indictment and found guilty of both, which was the reason for the court's ruling. From an examination of the records produced, which include the Grand Jury minutes and the exhibit known as the statement of Kelly and Cole, there is no evidence to associate the defendant with the actual stealing of the automobile from the garage on

September 3, 1946, but Kelly first brings Cole into the case when he came to Troy and they drove the car to the Rensselaer County courthouse and made out a fake bill of sale, which is likewise seriously disputed by the defendant. It is not disputed that the automobile was sold for $925 and the proceeds divided between Kelly and the defendant here. Cole at the hearing contended that he should have been charged at most with being an accessory after the fact and in this respect he was in error. (Penal Law, § 2; *People* v. *Rivello,* 39 App. Div. 454; *People* v. *Katz,* 209 N. Y. 311–325, 326.) An indictment is subject to amendment as to date, *et cetera.* (Code Crim. Pro., § 293; *People* v. *Hamm,* 5 A D 2d 696.) The indictment apparently was prepared in accordance with section 1293-a and the evidence before the Grand Jury was sufficient to sustain the indictment. It has been repeatedly held that such a motion can not be raised after conviction and sentence. (*People* v. *Wurzler,* 278 App. Div. 608; *People* v. *Manwaring,* 3 A D 2d 952.) What appears to the court to be a more material and, at the present, serious problem is the question raised in the record on appeal and the appellant's brief that he was not represented by counsel. From the record it appeared that petitioner had a prior writ of error *coram nobis* proceeding before the court March 30, 1951 concerning a violation of his constitutional rights (not advised of his right to counsel) and which was denied without a hearing. The present district attorney of Rensselaer County, at the suggestion of the court, has sent this particular file for examination and it appears that the Judge who denied the present application held the prior hearing in 1951. As part of the papers in the proceeding at that time, there is a copy of the minutes of the court on the 19th day of December, 1946 when the defendant pled guilty and although they are not certified, they are not disputed. When the indictment was read to him on that particular morning, he entered a plea of not guilty before being advised according to section 308 of the Code of Criminal Procedure, at which time the district attorney said to him "Do you have a lawyer?" The response "No". District Attorney: "Can you get a lawyer or do you want the court to assign one?" Defendant: "I will get one". Late on the same day the district attorney made a motion which was granted to vacate the order made earlier transferring the case to the Rensselaer County Court, returning it to the Supreme Court. Immediately the defendant pled guilty, there being no further talk about lawyers. It further appears that there was no compliance with either sections 472 or 480 of the Code of Criminal Procedure and there was no proper compliance with section 308 of the code. Under the circumstances before entering a plea, he should at least have been apprised of his right to counsel. The present district attorney, in co-operation with the court, has submitted another application made by the appellant herein in May, 1951 in which he raised the question that he was not properly sentenced as a second offender in accordance with section 1943 of the Penal Law of the State of New York. In that respect Justice KENNETH S. MACAFFER found that the court had not properly complied, directed that the defendant should be returned and resentenced according to law; that on the record submitted, there appears to be no compliance with this decision of the court. The record shows without serious dispute that the above indictment was returned and filed on December 19, 1946; that about 10:00 A.M. on that day he was arraigned before the Honorable WILLIAM MURRAY, a Justice of the Supreme Court, and pled not guilty; that later in the morning or shortly after lunch, an assistant district attorney of Rensselaer County conferred with the defendant at the county jail when he is alleged to have said in words or substance that the defendant should plead guilty to grand larceny, first degree, because he shared in the profits of the sale of the automobile and that

he would receive a higher sentence unless he changed.his plea from "not guilty" to "guilty" that day. The defendant contends that some time after lunch on the same day he was brought before the court, changed his plea to "guilty" and was thereupon sentenced. It is undisputed that all of this took place within a matter of eight hours. It is also undisputed that at no time during the proceedings was the defendant represented by counsel. There was no proper compliance with section 1943 of the Penal Law. (*People ex rel. Carollo* v. *Brophy*, 294 N. Y. 540–545.) In *People* v. *Hemmerich* (3 A D 2d 953) the court said: "The court had inherent power, even after defendant had commenced serving his sentence, to vacate that sentence for fraud or mistake and to allow defendant to withdraw his plea of guilty and enter a plea of not guilty. (*Matter of Lyons* v. *Goldstein*, 290 N. Y. 19.)" While certain irregularities here could be corrected by sending the defendant back for resentencing the failure to comply with section 308 of the Code of Criminal Procedure necessitates granting the motion of defendant. (*People* v. *Price*, 262 N. Y. 410, 412; *Matter of Bojnoff* v. *People*, 299 N. Y. 145–152; *People* v. *Guariglia*, 303 N. Y. 338, 340–341.) Mr. John T. Casey, the present district attorney of Rensselaer County, has been most co-operative in furnishing to the court various and sundry papers and documents and is to be commended. Mr. Paul B. French, attorney for the defendant-appellant, was assigned by this court to represent him upon this appeal and the record on appeal and briefs submitted by him on behalf of his client have been most helpful to the court. Order reversed and the case remitted to the Supreme Court, Rensselaer County, for a speedy trial of the issues. Foster, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.