CATHARINE HOLLERAN, Respondent, v. SOPHIE KENNA et al., Appellants, et al., Defendant.— Appeal by defendants Kenna and Walczyk from an order of the Supreme Court at Special Term entered in Warren County on September 17, 1957, granting plaintiff's motion to require said defendants to give plaintiff an inspection or a copy of a statement made by plaintiff. Appeal by the same defendants from that part of an order of the same court and entered the same date, denying their motion to strike certain items from plaintiff's reply. Plaintiff was injured in an automobile accident on October 21, 1956, while riding in an automobile owned by defendant Walczyk and operated by the defendant Kenna, which collided with an automobile owned and operated by defendant Aldous. On October 31, 1956, a representative for the insurance company covering the Walczyk automobile called on plaintiff and obtained from her a signed statement concerning the accident. The representative also obtained from plaintiff a "Covenant Not to Sue". Thereafter plaintiff retained attorneys and started the present action against all three defendants. The appealing defendants in their answer set up the covenant not to sue as a separate and affirmative defense to plaintiff's cause of action. Plaintiff's reply admits the signing of the document but alleges, among other things, that it was made without consideration; that plaintiff was under a doctor's care at the time it was signed and was unaware of the extent of her injuries; and, that she did not have an opportunity to confer with an attorney concerning the full legal effect of the paper she was signing. Involved in this appeal is the motion to strike from the reply the matters set forth above, being paragraphs numbered 2, 3 and 4 thereof. The order granting an inspection or copy of the statement taken from plaintiff is affirmed, with $10 costs. (*Wilhelm* v. *Abel*, 1 A D 2d 55.) The order denying the motion to strike parts of the reply was without prejudice to its renewal before the trial court. Order unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Gibson and Reynolds, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN JOSEPH MULLIGAN, Appellant.— Appeal from an order of the County Court of Cortland County entered November 29, 1955, which denied a motion by defendant in the nature of a writ of error *coram nobis* to vacate a judgment of conviction. Defendant was indicted by the Grand Jury of Cortland County on October 6, 1955, on three counts, i.e., robbery in the second degree, assault in the second degree, and grand larceny in the first degree. Upon arraignment counsel was assigned to defendant and he was represented by counsel at all proceedings. He entered a plea of guilty to the count charging assault in the second degree and was sentenced. He urges two grounds in his petition for setting aside the conviction: (1) that his plea of guilty was induced by coercion and duress on the part of the district attorney; and (2) that no crime was committed. The petition sets forth as the only allegation of coercion and duress that the district attorney offered to accept a plea of guilty to the assault count and to consent to the dismissal of the other two counts. This was done. Thus there is nothing in the record to support the first contention, and counsel assigned on this appeal, with commendable frankness, so concedes. Since the indictment properly charges the crime, the second contention must be construed to be a claim that there was insufficient evidence before the Grand Jury to support the indictment. That question may not be properly raised for the first time after conviction and in a proceeding such as this. (*People* v. *Wurzler*, 278 App. Div. 608.) Order unanimously affirmed. Present — Foster, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.