John J. Walsh, J.
It is very difficult to discern from the petition exactly under what sections of the Code of Criminal Procedure defendant is applying for relief. It does appear that he is carefully avoiding an application for a writ of error coram nobis. Under “Remedy” he alleges: “Petitioner states that his motion presently before the Court is titled as such and is not in nature of a Coram Nobis Relief, therefore, your petitioner is of the belief that this Honorable Court will take into consideration Section 683 of the Code of Criminal Procedure and apply said Section to this motion.”
Defendant’s notice of motion asks for an order dismissing the indictment against him pursuant to section 285 of the Code of Criminal Procedure.
Section 285 of the code provides: “ No indictment is insufficient, nor can the trial, judgment, or other proceedings thereon be affected, by reason of an imperfection in matter of form, which does not tend to the prejudice of the substantial rights of the defendant, upon the merits. ”
*33 The gravamen of defendant’s argument is that he was indicted in January, 1957 on six counts — three of burglary, and three of petit larceny. Each of the three felony counts of the indictment contained allegations that the defendant had previously been convicted upon his plea of guilty on the 7th day of December, 1953 in the Oneida County Court of the crimes of grand larceny in both the first and second degrees and had been sentenced on the grand larceny first degree count to the Elmira Reception Center and passing of sentence had been suspended on the grand larceny second degree count.
Defendant argues, and there seems little doubt about it, that the previous conviction allegation in the indictment did not affect the degree of the crime charged but did relate to the sentence upon conviction.
On February 4, 1957, upon the advice of his counsel and in his presence and in open court, defendant withdrew his former plea of “ not guilty ” and pleaded “ guilty ” to the indictment and was sentenced on the three burglary counts to not less than 5 nor more than 10 years, each sentence to run concurrently.
Defendant’s claim can be reduced to the following:
1. The indictment found in January, 1957 tended to prejudice the substantial rights of the defendant pursuant to section 275-b of the Code of Criminal Procedure.
2. That the Grand Jury had no authority to return such an indictment.
3. That an indictment is valid unless an error therein actually prejudices or tends to prejudice a substantial right of the defendant pursuant to section 285 of the Code of Criminal Procedure.
4. That the defendant in the mistaken belief that said indictment was valid, and as a result of said belief, pleaded guilty to the indictment.
Instead of attacking the judgment of conviction, defendant is content with attacking the indictment which is its foundation.
That he may not follow such a pattern and detour around the judgment of conviction seems clear. Objections to an indictment which appear on the face of the indictment must be made before or at the time when the defendant is called for judgment (Code Crim. Pro., §§ 323, 331, 467, 469; People v. Nitzberg, 289 N. Y. 523; People v. Wursler, 275 App. Div. 886, revd. 300 N. Y. 344; People v. Wurzler, 278 App. Div. 608 [coram nobis]).
Irrespective of whether defendant’s petition be considered as a motion to dismiss the indictment or as an application for writ of error coram nobis under sections 683 and 684 of the code, *34 there is no merit whatever in the motion nor are any questions of fact raised which require a hearing or the taking of testimony. It is purely a question of law on the papers submitted..
Defendant cites section 275-b of the Code of Criminal Procedure. This section reads: “ The indictment shall not allege that the defendant has previously been convicted of any crime nor shall it set forth any record thereof, unless such prior conviction affects the degree of crime charged in the indictment.” Section 275-b became law on April 15, 1957, effective July 1, 1957. The defendant was indicted by the January 1957 Grand Jury and pleaded guilty in February, 1957 and was sentenced prior to the passage of section 275-b.
It is clear that the indictment of January, 1957 was perfectly valid (People v. De Santis, 305 N. Y. 44, 46-47). While section 275-b was enacted as a result of the Be Santis case, it has no retroactive effect to defendant. Nor does the recent Court of Appeals decision in the case of People v. Konono (9 N Y 2d 924 [May, 1961]) avail defendant any relief. In that case, the defendant moved at his trial held subsequent to July 1, 1957 to strike from a valid indictment returned before that date allegations of prior felony convictions. The denial of that motion was held to be reversible error on the ground that section 275-b prohibited the introduction at the trial of evidence of prior convictions even though the indictment was returned prior to the effective date of the statute.
This is a far different situation from the present case wherein defendant seeks to construe section 275-b as to give retroactive effect to a conviction not only before its effective date but also prior to its enactment by the Legislature.
The distinction between Konono and the instant case is succinctly stated by the Court of Appeals in People v. Oliver (1 N Y 2d 152, 163): “ It may be well to note that the construction that we are here according to the amendment cannot be applied in favor of an offender tried and sentenced to imprisonment before its enactment. * * * Where the change is
amelioriative and reflects a judgment that the earlier law was unduly harsh or unjust, a court should not withhold the benefits of the new statute to one tried after its passage, merely because it is powerless to extend them to those already convicted.” Viewed as a motion to dismiss the indictment, the motion is denied. Considered as an application for coram nobis, there is no merit to the application and it is denied.
Motion for a hearing is denied since no issue of fact has been raised, by the papers.